(42)          THE BANK OF MISSOURI v. MCKNIGHT'S HEIRS.

1. A. executed two powers of attorney to B.; in the *first* is given the power of making or endorsing promissory notes and bills of exchange; in the *second* the power of leasing, letting, selling or demising, as the attorney might think fit, sundry tracts and parcels of lands therein particularly named and described, and also to collect and pay all debts due or to become due, &c.—Held, to convey the power of mortgaging the land in question.

2. Where an attorney does what he has authority to do, and more, his act is good to the extent of his authority; and where he stops short of his authority, if the object of the power be accomplished, his act is also good.

ERROR from St. Louis Circuit Court.

WASH, J., delivered the opinion of the Court.

This was a proceeding by petition, under our statute, to foreclose a mortgage executed by Thomas McKnight, as the attorney of his brother, John, to the President, Directors & Co. of the Bank of Missouri. John McKnight having died, his heirs were made parties, who pleaded specially : First. That the said Thomas McKnight had no good and sufficient authority from said John to execute said mortgage. Second. That said mortgage was fraudulently executed by said Thomas McKnight, in the name of the said John, without any good and sufficient authority ; and Third. That said plaintiff fraudulently procured said mortgage to be executed by said Thomas, &c. Fourth. *Non est factum* generally. The cause was submitted to the Court sitting as a jury, who found the issue on the fourth plea for the plaintiff, and the issues on the other three for the defendants, and gave judgment accordingly ; to reverse which the present writ of error is prosecuted. The testimony given in the cause is all on the side of the plaintiff, and is preserved in a bill of exceptions, consisting of two several powers of attorney from John to Thomas McKnight, executed on the same day, the mortgage sued on and parol proof, that at the time of the execution of said mortgage, the said John and Thomas McKnight were severally indebted to the plaintiffs, and also that each of them, as endorser for the other, was then indebted to the plaintiffs. The first power of attorney authorized said Thomas " as substitute and proxy, (of said John,) to vote at any election for Directors for the Bank of Missouri, or on any other question that may be put at a stated or special meeting of the stockholders of the said Bank, and to do all other acts and things in (43) relation to the business of said Bank which I, myself, might or could do were I personally present, by virtue of my stock of said Bank, held by me individually or jointly with others ; and to ask, demand, receive all dividends accruing on any such stock, and all other sum or sums of money due or to become due to me from said Bank, and to make and give acquittances or other sufficient discharges for the same ; and also to sell, transfer and assign all my right, title and interest in and to all and every the shares of the capital stock of said Bank, held by me individually or jointly with others ; and also for me and in my name to make, execute and deliver all prom-

issory notes and bills of exchange ; and to endorse, assign and transfer any bill or note, and to draw all checks which shall be necessary and proper in and about the transaction of any business with, in, or through said Bank ; and generally to do and perform all and every other act and thing in the premises, and in transacting my affairs and business with, in, through, or concerning said Bank," &c.

The second power gives authority to said Thomas, "to lease, let, sell or demise, as he might think fit, sundry tracts and parcels of lands therein particularly named and described, and also to collect and pay all debts due or to become," &c. The clause referring to the premises mortgaged, is in these words: "And also to demise, lease and let a certain lot of ground, whereof I am seized in severalty, lying and being in the town of St. Louis aforesaid, fronting on Main street and running to the river Mississippi, bounded, &c. ; for a term of years not exceeding twenty, for such rent, or otherwise to sell, grant or convey absolutely in fee simple, to," &c. Upon this state of the record two questions present themselves: First. Had Thomas McKnight authority to mortgage the whole or any part of the lot referred to ? and if not, is there any thing to show that the same was executed fraudulently ? To ascertain the power we must look at both instruments, and collect the intention of the parties. The first gives the attorney power to charge the estate by making or endorsing promissory notes and bills of exchange. There is, therefore, we think, but little force in the position that the principal might not choose to have the estate encumbered with a mortgage. The words in the latter part of the clause, "to sell, grant or convey absolutely, in fee simple," are not intended to limit or point out the particular power to be exercised by the attorney, but to show that all power and authority, touching the sale or disposal of the property, was given. *Paley on Agency* (44) p. 51, says if it be to do an act upon condition, and the agent do it absolutely, it is void, and *vice versa*, but the authority cited does not support him. *Coke Litt.* 258-9., says, it has been so held *by some*; this, however, is not the law. It is now well settled, that where an attorney does what he has authority to do, and more, that his act is good to the extent of his authority ; and there is no reason why it should not be good where he stops short of his authority, if the object of the power is accomplished. It is held in 3 *P. Williams*, p. 9, "that a power to sell includes a power to mortgage, which is a conditional sale." Williams is good authority, but this, in the broad terms in which the *Ld. Chancellor* lays it down, is not considered law ; a special power must be pursued strictly, whether it be to sell or to do any other specific thing ; but the intention of the party giving the power, (as I have before stated,) should, in all cases, govern the construction to be given to it, and determine the extent of authority. This is sufficiently seen from the two powers referred to, considering them as one act, to authorize the mortgage. From the supposed want of authority in the attorney, the Circuit Court *inferred* fraud, and found that the mortgage deed was fraudulently given and taken ; this, we think, was also erroneous. The judgment of the Circuit Court is, therefore, reversed, and the cause remanded for further proceedings in conformity with this opinion.

TOMPKINS, J., dissenting.

I do not assent to the opinion of the Court, because I think the two powers of attorney are independent acts of John McKnight, and that the power to encumber the land by mortgage was not granted in the power to sell, &c., absolutely, in fee simple.