ERNEST LAMY AND JACOB MCFADDEN, Defendants in Error, v. WILLIAM E. BURR, GARNISHEE OF BRAND, Plaintiff in Error.

*Conveyances—Power of Attorney.*—A. gave to B. a power of attorney to transact all his business, to collect all moneys due him, and to sell all his property real and personal; B., under the power, conveyed by deed of trust to C., as trustee, all the property and assets of A. in trust to secure and pay off the creditors and sureties of A. *Held,* that the power was properly executed, and that C. took a good title to the property.

*Error to Cooper Circuit Court.*

*Muir & Draffen,* for defendants in error.

I. The judgment of the Circuit Court was correct, for the reason that the property mentioned and described in the garnishee's answer was subject to this attachment. The deed of trust, under and by virtue of which the garnishee claimed said property, was and is void; it was made by an agent under a letter of attorney, and confers no power upon said agent to convey said property in trust for the payment of the principal's debts. The power of attorney authorized a sale, but, we think, a sale in the usual sense of that term, and not a sale upon conditions; and, in construing the power, the intention of the party giving it should govern. (Bank of Mo. v. McKnight, 2 Mo. t. p. 38; 1 Am. Lea. Ca. 560–1; Sto. on Ag. § 1, p. 65.)

But suppose it be admitted that the power of attorney in this case did authorize the agent Wilson to convey the property in question in trust; is there anything in the power that would authorize the trustee to pay the debts of Brand? We think the agent Wilson himself could not have legally done so; and if he could, will it be contended that his substitute could?

As Wilson was simply an agent for Brand, with authority to do certain acts mentioned in the power of attorney, what right had Wilson, under the power, to substitute Burr the

garnishee? Wilson was the person appointed by Brand, and not Burr. Wilson, then, being Brand's agent, he could not delegate his authority. (Sto. on Ag. § 13, p. 14.)

*Adams*, for plaintiff in error.

I. The only question presented by this record is whether the power of attorney from Brand to Wilson authorized the execution of the deed of trust to Burr. In construing a power of attorney, we look primarily at the language, and then to the attendant circumstances and the purpose intended to be accomplished. In this case, the large and comprehensive terms of this power of attorney to Wilson undoubtedly includes the power to make a deed of trust, unless there be something in the surrounding circumstances which clearly excludes such an idea. So far from that being the case, the pleadings admit that the main object and purpose of the power was the application of Brand's property to the payment of his debts; that he himself was not in a condition to attend to it, and therefore, in appointing his attorney, he conferred upon him full power to transact all his business, and full power to dispose of all his property. He intended to invest, and by the language of the power of attorney did invest Wilson with supreme power over all his business. But the main business to be transacted was the application of his property to the payment of his debts; how could this be so well done, and so equitable to the creditors, as by a deed of trust which would distribute the proceeds ratably amongst them? It is said that a simple power to sell does not comprehend the power to mortgage; but this is not a simple power to sell property, but, in connection with that, are the most ample and comprehensive powers to settle and transact *all* of Brand's business. Under this power, is there any doubt that Wilson, in settling Brand's affairs, would execute promissory notes in Brand's name? Would not Brand, beyond all question, be bound by such notes? and if Wilson could do this, could he not also execute mortgages to secure the payment of such notes? (Bank of Mo. v. McKnight, 2

Mo. 42 ; Taylor v. Labeaume, 14 Mo. 572 ; Taylor v. Bennett, 17 Mo. 338 ; Sto. on Ag. § 126.)

II. The principle that an agent cannot delegate his powers is not involved in this case. The Circuit Court based its opinion on this ground, that it has no bearing whatever upon the case. There is no pretence that ·Wilson delegated, or attempted to delegate, his power. By the execution of the deed of trust his power ceases ; it was a *functus officio*. The power of sale in the mortgage to Burr was not a delegated power from Wilson. The deed to Burr carried the whole legal title, and the power to sell was a mere trust created for the purpose of enabling him to foreclose the mortgage without resorting to the courts for that purpose. Such a power is exercised by the trustee in his own name as owner of the property, and not as agent for the original owner. If Wilson had power to make a simple mortgage, he surely had power to make a mortgage with power of sale. If the mortgage to Burr without the power of sale would have been good, such power could not invalidate it, and therefore, in any view of the case, the property conveyed to Burr was not subject to this garnishment.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff sued one Horace H. Brand in attachment in the Cooper Circuit Court and recovered judgment, and Burr was summoned as garnishee. In the spring of 1861 Brand joined the rebel army under Gen. Sterling Price, and left his home in Cooper county in this State. In July in said year, whilst in Newton county in this State, he made and executed a power of attorney to Barton S. Wilson, of Boonville, in the said county of Cooper, for the purpose of settling up his business. The power of attorney is in these words :

"Know all men by these presents, that I, Horace H. Brand, of the county of Cooper and State of Missouri, have made, constituted and appointed, and do by these presents make; constitute and appoint Barton S. Wilson, of the city of Boonville in said county, my true and lawful attorney in fact for

me and in my name, to transact all my business of every kind and description, to collect and receipt for all moneys due and owing to me, and to sell and dispose of all my property, real and personal, for such price and on such terms as he may choose whenever he may think it advisable to make such sale, hereby ratifying and confirming all such acts of my said attorney. Given under my hand and seal this 8th day of July, A. D. 1861. Horace H. Brand. (Seal.)"— Which instrument was duly acknowledged before the clerk of the Circuit Court of Newton county.

Wilson, the attorney under the foregoing power, took possession of most of the personal property of Brand, and conveyed the same by deed of trust to Burr, the garnishee, to secure and pay off certain creditors and sureties of Brand.

There is but one single point presented here for decision, and that is whether the letter of attorney authorized the execution of the deed of trust. The general rule is that the power must be pursued with legal strictness, and the agent can neither go beyond it nor beside it ; in other words, the act done must be legally identical with that authorized to be done. But, in all cases, the authority should be construed and the intention of the principal should be ascertained in reference to the purpose of the appointment, and a consideration of the object which the agent is directed to accomplish will either expand the powers specified as a means of executing it, or limit the exercise of the most general powers conferred. Accordingly, it is a general maxim, applicable to special and limited agencies, as well as those which are more comprehensive and discretionary, that, in the absence of special instructions to the contrary, and in the absence of such prescription of the manner of doing the act as implies an exclusion of any other manner and authority or direction to do an act or accomplish a particular end, implies and carries with it authority to use the necessary means and inducements, and to execute the usual, legal and appropriate measures proper to perform it.

The principal authority includes all mediate powers which

are necessary to carry it into effect. A direction or authority to do a thing is a reasonable implication of the powers necessary to accomplish it, unless there is a special restriction, or unless an intention to the contrary is to be inferred from other parts of the authority. (1 Am. Lea. Ca. 563 ; Rogers v. Kneeland, 10 Wend. 218 ; Peck v. Harriott, 6 Serg. & Ra. 145 ; Bayley v. Wilkins, 7 Com. Bench, 886.)

It will be seen that the power of attorney in this case is of the most comprehensive character ; it gives the agent full authority to transact all business of every kind and description, to collect and receipt for all moneys due, and to sell and dispose of all property, both real and personal, for such price, on such terms, and at such time, as he might deem advisable. The attendant circumstances leave little room to doubt what power was intended to be given.

Brand was absent from his home, with no intention or prospect of returning ; he had left a large amount of business unsettled—property liable to go to decay and be destroyed, and creditors anxious to secure their debts. He therefore executed a power of attorney, giving his agent full authority to transact all his business of every kind and description ; and this power must be interpreted, and the true intention arrived at, by a direct reference to the nature of the business to be transacted.

There can be no doubt that the main business to be transacted was the application of the property to the payment of the debts. If there was no intention to invest the agent with authority to pay off the debts, why the enlarged and general power to transact all business in addition to the power to sell and dispose of property ? But if the power was given to pay debts, was the making of the deed of trust a proper execution of it ? We think it can be implied in this case without doing violence to any legal principle. The deed of trust was certainly just and equitable to the creditors, as it distributed the proceeds of the property ratably among them. If it was a fit and appropriate mode of carrying out the purpose of transacting all the business, it was competent to resort to it.

In the Bank of Missouri v. McKnight, 2 Mo. 38, the words used in the power were, " to devise, lease and let a certain lot of ground, for a term of years not exceeding twenty, for such rent, or otherwise to sell, grant or convey absolutely in fee simple;" and this court held that a power to make a mortgage was included. The object then was to obtain money, and the court say, "the intention of the party giving the power should in all cases govern the construction to be given to it, and determine the extent of the authority."

There is another objection urged by the defendant in error here, and by which we understand the decision of the court below was mainly influenced, and that was that Wilson could not delegate his authority, as the letter of attorney contained no power of substitution. The question of delegation of power is not involved. Wilson delegated none; his power ceased with the execution of the deed of trust; that instrument carried with it the whole legal title; and he as trustee in his own name, and as owner of the property—not as agent for another—was authorized to sell it absolutely, and apply the proceeds to the purposes created in the trust.

The judgment is reversed and the cause remanded. The other judges concur.