64  217
133a 505

HERMAN WRONKOW, Respondent, v. HOBART OAKLEY and Others, Defendants.

In the Matter of the Petition of CHARLES WOLFF, Appellant.

*Foreclosure — when a purchaser will be relieved from his bid—conveyance of an inchoate right of dower under a power of attorney — reasonable doubt as to the title.*

Upon a motion by one Wolff, a purchaser of certain land at a mortgage foreclosure sale, that he be relieved from the purchase, it appeared that, in 1881, Cecilia, wife of Moritz Bauer, gave to her husband a power of attorney, which was duly acknowledged and recorded at the time, by which she authorized him to convey all lands belonging to her, individually or jointly with another, and to make "all necessary or proper contracts, deeds, conveyances, releases, releases of dower and thirds, and right of dower and thirds, or other instruments for the conveying, surrendering and relinquishing all or any part of my estate, right, title and interest, whether vested or contingent, choate or inchoate, therein."

Moritz Bauer became owner of the equity of redemption in the premises in question, by deed dated October 4, 1890, and on October twentieth, as an individual and as attorney for his wife, he conveyed them. Cecilia Bauer was not made a party to the action of foreclosure, the purchaser at the sale under which objected that she had an outstanding right of dower in the premises.

The Revised Statutes ([8th ed.], p. 2456, § 16) provide that no act of a husband shall prejudice the right of the wife to her dower unless the wife joins in the conveyance.

Chapter 300 of the Laws of 1878 authorized a resident married woman of age to make a power of attorney, "with like force and effect and in the same manner as if she were a single woman."

Chapter 249 of the Laws of 1879 abolished the rule requiring a private examination of a married woman upon her acknowledgment of a written instrument.

*Held*, that the purchaser should not be compelled to complete his purchase, the matter being in reasonable doubt.

That it was, under all the statutes, a doubtful question whether a wife could, even now, release an inchoate right of dower by an attorney acting under a power of attorney from her.

That it was not clear that the language of the power, executed in 1881, would cover property which the husband did not buy until 1890. (Per O'BRIEN, J.)

That, strictly construed, the power applied only to the lands of Cecilia Bauer, and not to the lands in question, which belonged to Moritz Bauer. (Per VAN BRUNT, P. J.)

That it was not certain that a wife could constitute her husband her attorney to release dower. (Per O'BRIEN, J.)

That it was a serious question whether chapter 300 of the Laws of 1878 related to any acts except such as were connected with the separate estate and business of a married woman. (Per O'BRIEN, J.)

ANDREWS, J., dissenting.

APPEAL by Charles Wolff, petitioner and the purchaser of the premises in question, from an order of the Supreme Court, made on the 22d day of March, 1892, denying his motion to be relieved from his bid at the sale, in this action, of mortgaged premises.

The dissenting opinion of Judge ANDREWS precedes those of VAN BRUNT, P. J., and O'BRIEN, J., as the facts are fully stated in the former opinion.

*Glover, Sweezy & Glover,* for the petitioner, appellant.

*D. Solis Ritterband,* for the plaintiff, respondent.

ANDREWS, J. (dissenting):

The action was brought to foreclose a purchase-money mortgage for $5,000, dated September 2, 1890. It was commenced October 22, 1891, and judgment of foreclosure and sale was entered December 22, 1891. By the terms of the judgment the premises were directed to be sold subject to a lease expiring May 1, 1898, and to a first mortgage for $17,019.22. The property was sold at auction on January 21, 1892, and the petitioner, Charles Wolff, was the purchaser for the price of $5,600 over and above the incumbrances above-mentioned; and said petitioner paid to the referee $560, ten per cent on the amount of his bid, together with the auctioneer's and exchange fee, and signed the usual terms of sale. Subsequently, a motion was made by the petitioner to be relieved from his purchase, and from the order denying such motion this appeal is taken.

It appears that one Moritz Bauer became the owner of the equity of redemption of the mortgaged premises by deed from Hobart Oakley, dated October 4, 1890. By deed dated October 20, 1890, executed by said Moritz Bauer in his own behalf, and also executed by said Bauer in the name of his wife, Cecilia Bauer, as her attorney, in fact, such equity of redemption was conveyed to one Randolph Guggenheimer. The power of attorney, under which said Bauer acted as the attorney of his wife, was executed and acknowledged by her, and recorded in the year 1881. It describes both the parties thereto as being of the city of New York, and so, likewise, does the deed to Guggenheimer. Said power authorizes said attorney " to contract for the sale of and to grant, bargain, sell and convey all or any lands, tenements or hereditaments or real estate to me belonging, situate, lying and being within the United States of America, whether belonging to me, individually, or jointly with another, or others, at public or private sale, for cash or upon credit, or partly for cash and partly upon credit, and for such price or prices, and upon such other terms and conditions as to my said attorney may seem meet and proper; and for the purpose aforesaid and in my name, place and stead, as my act and deed, to sign, seal, execute and acknowledge and deliver all necessary or proper contracts, deeds, conveyances, releases, releases of dower and thirds, and right of dower and thirds, or other instruments for the conveying, surrendering and relinquishing all or any part of my estate, right, title and interest, whether vested or contingent, choate or inchoate, therein." Mrs. Bauer was not made a party to this action.

It also appeared that certain persons had obtained judgments against Moritz Bauer prior to the time that he acquired title to the property in question, and which, by orders of court, made also prior to Bauer's acquisition of title, had been marked " lien suspended " or " partially suspended upon appeal," and that such persons were not made parties to this action.

The objection to the title, based upon the failure to make the wife of Moritz Bauer a party to the action, presents the questions — (*a*) of the power of a resident married woman to release her dower by attorney; (*b*) of her right, if she has such power, to make her husband her attorney for such purpose ; and (*c*) whether the power

of attorney, if otherwise valid, authorized the release of the wife's dower in after-acquired property and for a nominal consideration. These questions are important, because the decision of them not only affects the title of the property in question, but may affect many other titles.

The Revised Statutes of this State contain the following provision: "No act, deed or conveyance, executed or performed by the husband, without the assent of his wife, evidenced by the acknowledgment thereof, in the manner required by law to pass the estates of married women, and no judgment or decree confessed by or recovered against him, and no laches, default covin or crime of the husband, shall prejudice the right of his wife to her dower or jointure, or preclude her from the recovery thereof, if otherwise entitled thereto." (4 R. S. [8th ed.], 2456, § 16.)

It has been decided by the courts of this State that the only way in which a wife can release her dower during the life of her husband, is by joining with him in a conveyance to a third person. (*Carson* v. *Murray*, 3 Paige, 483; *Elmendorf* v. *Lockwood*, 57 N. Y., 322; *People* v. *Knickerbocker Life Ins. Co.*, 66 How. Pr., 115; *Ford* v. *Knapp*, 31 Hun, 522.) It has also been held by the courts of other States, under statutes similar to our own, that the wife must execute the release herself, and that she cannot release by power of attorney. (See Am. and Eng. Ency. of Law, vol. 5, p. 914, and cases there cited.) In 1878, however, the legislature of this State passed the following statute:

"Any married woman, being a resident of this State and of the age of twenty-one years or more, may execute, acknowledge and deliver her power of attorney, with like force and effect and in the same manner as if she were a single woman."

The question presented for decision is whether, assuming that prior to the passage of this statute a married woman could not release her dower through an attorney in fact, this statute has authorized her to do so. It is suggested that the statute does not authorize a married woman to release her dower through an attorney, because the act provides that she may execute, acknowledge and deliver her power of attorney, with like force and effect, and in the same manner *as if she were a single woman;* and that the legislature, in assimilating the case of the wife to that of a single woman,

could not have intended to authorize the former to act through an attorney in any matter in which the latter could not do so; and that as a single woman cannot, of course, ever be vested with such an estate, and cannot, therefore, appoint an attorney for the purpose of releasing dower, therefore, a married woman cannot do so. We think this is too narrow an interpretation of the statute. It is a general maxim of the law that whatever a man, *sui juris*, may do of himself, he may do by another; and the same maxim applies, of course, to a single woman. We think that the true interpretation of the statute is, that just as a single woman can appoint an attorney to perform any act, which she herself can do, so any act, which can be done by a married woman of herself, can be done by her duly appointed attorney; and as a married woman can release her dower by joining with her husband in a conveyance of the property to a third party, she may perform that act through an attorney.

It may be said that as the legislature originally prescribed a particular way in which a married woman could release her dower, such special provision of the Revised Statutes should not be considered as modified or affected by the general provisions of the above-quoted act of 1878, which does not, in terms, refer to the release of dower, and which authorizes a power of attorney to be acknowledged in the same manner as if the woman executing the power were single. There would be force in this objection if the law in relation to acknowledgments of deeds and other instruments by married women had remained as it was when the Revised Statutes were adopted. It was provided in those statutes that the acknowledgment of a married woman, residing within this State, to a conveyance purporting to be executed by her, should not be taken unless, in addition to the requisites required in the case of other persons, she acknowledged, on a private examination apart from her husband, that she executed such conveyance freely, and without any fear or compulsion of her husband. And the provision of the Revised Statutes above quoted, in regard to conveyances releasing the right of the wife to her dower, provided that the assent of the wife must be evidenced by the acknowledgment thereof, in the manner required by law to pass the estates of married women.

It appears to have been considered by the legislature that these provisions in reference to the manner in which conveyances executed

by married women should be acknowledged, afforded great protection to them; but whether such opinion was, or was not, well founded, such provisions have been entirely swept away by later legislation; for, in 1879, the legislature passed the following statute, which was amended by chapter 300 of the Laws of 1880: "The acknowledgment by married women, or the proof of the execution by married women, of deeds or other written instruments, may be made, taken and certified, in the same manner as if they were *sole;* and all acts and parts of acts which require for them any other or different acknowledgments, proofs or certificates thereof are hereby repealed." (4 R. S. [8th ed.], p. 2487.)

As above stated, under the said act of 1878, acknowledgments of powers of attorney could be made by married women as if they were single; but under said act of 1879, *all* acknowledgments of married women of the execution of deeds and other written instruments can now be made, taken and certified, in the same manner as if they are single, and the protection — if it was any protection — of married women, in regard to their dower rights, and other rights in real property, afforded by the provisions as to private examination, has been entirely taken away; and, so far as the protection of such rights is concerned, it can make no possible difference whether the married woman releases her dower by joining with her husband in a conveyance, or whether she releases the same through an attorney appointed by her for that purpose. Nor do we perceive any good reason whatever why a married woman may not as well appoint an attorney to execute a deed, which releases her dower rights, as to execute such deed herself. The reason of the rule ceasing, the rule itself fails; and we think that the objection is not well taken.

The second question raised is, whether, if a married woman has the power to appoint an attorney to release her dower, she can make her husband her attorney for such purpose.

We do not think this objection is well founded. It has been held that husbands and wives may legally contract with each other in reference to their separate estates (*Owen* v. *Cawley*, 36 N. Y., 600; *Bodine* v. *Killeen*, 53 id., 93); that they may become agents for each other (*Knapp* v. *Smith*, 27 N. Y., 277); that a husband may assign to his wife a chose in action (*Seymour* v. *Fellows*, 77

N. Y., 178); and it has very recently been held that the common-law disability of a married woman to engage in a business, as a copartner, or jointly with her husband, was removed by chapter 90 of the Laws of 1860. (*Suau* v. *Caffe*, 122 N. Y., 308.) Under these decisions, if a married woman can release her dower rights through an attorney, as we think she can, we are of the opinion that she can appoint her husband such attorney.

The third question raised is as to whether the power of attorney given by Mrs. Bauer to her husband gave him the right to convey property acquired after the execution of such power. The power in question authorized Mr. Bauer to sell and convey all or any lands belonging to Mrs. Bauer situate within the United States. There is nothing whatever in the power which restricted it to lands belonging to Mrs. Bauer at the time the power was executed, and we think that it covers lands subsequently acquired.

Another objection to the title is that certain judgment-creditors should have been made parties to the action.

On April 10, 1889, one King recovered a judgment in the Court of Common Pleas for $2,299.54. On June 12, 1889, an appeal was taken from said judgment to the General Term, and, upon the consent of the plaintiff and the sureties upon the appeal bond, the judgment was marked " Lien suspended on appeal," and upon the record in the county clerk's office, where the judgment had been docketed, a similar entry was made. On February 5, 1890, a judgment of the General Term was entered, affirming the above-named judgment, and for $117.67 costs. Subsequently an appeal was taken from said last-mentioned judgment to the Court of Appeals. On July 2, 1890, an order was entered suspending the lien of both judgments as to property on which said judgments were *or might become liens;* this order was entered by consent of the American Surety Company. On December 3, 1891, the lien was restored by proper entries in the judgment-book, and on December 4, 1891, both judgments were assigned to the American Surety Company. Moritz Bauer took title to the property in question on October 4, 1890, and conveyed the same on October 20, 1890.

The order entered on July 12, 1889, directing that the lien be suspended on appeal, did not, in terms, apply to after-acquired property. It is not necessary for the purposes of this appeal to decide, and we

do not now decide, whether, under the various provisions of the Code in reference to the suspension of the lien of judgments on appeal, this order suspended the lien of the judgment as to property acquired by Bauer after it was entered. It is not disputed that the order entered, suspending the lien upon the original judgment, and upon the judgment for costs, at the General Term, was entered upon the consent of the American Surety Company that such lien should be suspended, not only as to property upon which the judgments were then liens, but as to after-acquired property. It is also undisputed that on February 4, 1891, both judgments were assigned to the American Surety Company, and that that company only can raise an objection as to the regularity. of the foreclosure so far as relates *to* said judgments; and that company is estopped from raising such question by reason of the consent above mentioned.

Some question is also raised in regard to judgments recovered by one Healy; but, by an order of this court, *entered on consent of the plaintiff*, all the real property of Moritz Bauer (with an exception which does not include the property in suit), upon which said judgments were, *or might thereafter become, a lien*, was exempted from the liens of said judgments; and such exemption remained in full force at the time of the recording of plaintiff's mortgage and at the time of filing the notice of *lis pendens* herein.

We are of the opinion that it was not necessary that either of the judgment-creditors above mentioned should have been made parties to the action, and that the order appealed from should be affirmed, with costs.

VAN BRUNT, P. J.:

I dissent from the foregoing opinion upon the ground that the power of attorney did not authorize the executions of the release of dower. Mr. Justice ANDREWS correctly states that the power authorized the conveyance of any and all lands belonging to Mrs. Bauer, and that it applies to lands subsequently acquired as well as those owned at the time of the execution of the power, but the lands in question never belonged to Mrs. Bauer, but to her husband, and she had no estate in them, simply an inchoate right of dower. By the power, full authority is given to convey lands belonging to the donee of the power, but nothing more. It is true

that the attorney is authorized to execute releases of dower, but only for the purposes aforesaid, viz., to convey lands belonging to Mrs. Bauer.

The words "releases of dower" have no relation to the power as granted, and hence are surplusage.

Even if this were not clearly so, it cannot be said that the question is free from reasonable doubt, and hence a purchaser should not be compelled to take, as Mrs. Bauer is not bound by our adjudication.

I think, however, that there is much more than a reasonable doubt and that, under a power to sell and convey the estate belonging to a married woman, a release of dower cannot be executed.

O'BRIEN, J. :

Apart from the objection that certain judgment-creditors should have been made parties to the foreclosure suit, three others are presented against the validity of the title based upon the failure to make the wife of Moritz Bauer a party, presenting three questions thus formulated by Mr. Justice ANDREWS :

*First.* Of the power of a resident married woman to release her dowry by attorney.

*Second.* Of her right, if she has such power, to make her husband her attorney for such purpose.

*Third.* Whether the power of attorney, if otherwise valid, authorizes the release of the wife's dower in after-acquired property and for a nominal consideration.

Upon this appeal from an order refusing to release a purchaser at a judicial sale, it is not necessary, in order to relieve a purchaser, that all the questions should be decided in his favor, the rule being, that if the questions of law presented are of so serious a character, as renders it improper for the court to pass upon them in the absence of persons interested therein, he should not be compelled to take the title. In other words, where doubtful and debatable questions of fact and law exist, which, for their final determination, require the presence of other parties, the court will not, in the absence of such parties, make a determination for the purpose of compelling a person to specifically perform a contract to purchase land.

In respect to the first of these questions, as to the power of a resident married woman to release her dower by power of attorney, it seems reasonably clear that no such right would exist were it not for the statutory authority which it is claimed exists by virtue of chapter 300 of the Laws of 1878. The serious question, however, presented under this section is as to whether it relates to acts other than those connected with her separate estate and business and can be construed into a repeal of all prior provisions, specifying the manner in which she may execute a power of attorney. This precise question has never been passed upon, and, having in view the peculiar nature of a wife's inchoate right of dower and the various statutes passed in relation thereto, I cannot but regard it as a serious and doubtful question. Assuming, however, that a wife can make her husband attorney for such purpose, the other question is presented, as stated by Mr. Justice Van Brunt, as to whether the terms of the power of attorney and the conditions thereof have been complied with.

The power itself is open to the construction that it refers and relates only to property then owned, and did not cover or include interest acquired after the granting of the power. I think, upon a judicial sale, a purchaser is entitled to a marketable title free from reasonable doubt, and such I do not think was the one tendered to the purchaser here, and having made his application to be relieved, it should, under the circumstances, have been granted.

I think, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the application of the purchaser, of an order to be relieved, should have been granted.

Order reversed, with ten dollars costs and disbursements.