BERTSCHY, Appellant, vs. BANK OF SHEBOYGAN, Respondent.

*January 16 — February 5, 1895.*

(1, 2) *Bill of sale: Chattel mortgage: Sale by bailee without consent of mortgagee: Application of proceeds.* (3, 4) *Dower, how barred: Power of attorney: Conveyance in satisfaction of debt.*

1. An instrument in the form of a bill of sale of clover seed, fixing no price thereon but reciting a consideration of one dollar and other valuable consideration, and which was in fact given merely as security for a debt, was in legal effect a chattel mortgage.

2. A mortgage of chattels to a bank was not known to the persons who had possession for the mortgagor until after they had, by his direction but without the knowledge or consent of the bank, sold the chattels and applied the proceeds upon the mortgagor's indebtedness to them. Upon request of the mortgagor the bank afterwards sued to recover such proceeds, but was unsuccessful and never received any part thereof. *Held,* that the mortgagor was not entitled to have the value of the chattels or the amount for which they were sold applied on his debt to the bank.

3. Under sec. 2222, R. S. (providing that the joinder of the wife as grantor with her husband in a deed executed and acknowledged as therein prescribed "shall be sufficient to bar her dower, without any other words therein"), and sec. 2223 (providing that the wife may, by letter of attorney, "empower her attorney to bar her dower . . . in the same manner and in the same cases as she might personally do "), a power of attorney duly executed by husband and wife, authorizing the attorney to convey "any of the real estate of which we or either of us are seised," is sufficient to authorize him to bar the wife's dower, although it does not expressly so state.

4. Where an attorney is given unlimited power to sell and convey land for the purpose of using the proceeds in satisfying a mortgage debt, he may sell and convey directly to the mortgagee in satisfaction of the debt.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Affirmed.*

On April 1, 1880, John Bertschy gave the *Bank of Sheboygan* a bond for $50,000, conditioned for the payment of a large amount of indebtedness then due from him to the

bank, and for further advances thereafter to be made. On the same day the said John Bertschy and his wife, this plaintiff, *Katie B. Bertschy*, executed a mortgage upon the lands described therein to the said bank to secure the performance of the conditions of said bond, which mortgage was duly recorded January 26, 1882. At the time of giving said bond and mortgage, the said John Bertschy was a stockholder and director of said bank, and engaged in extensive business operations, and reputed to be a man of large means.

On February 9, 1881, the said John Bertschy, for and in consideration of one dollar and other valuable consideration to him in hand paid by said bank, by an instrument in writing bargained and sold and thereby did grant and convey unto the said bank, its successors and assigns, all the clover seed belonging to said John Bertschy, then in the possession of Rosenbaum Bros. of Chicago for him. Said instrument was in the form of a bill of sale, but was in fact given as security for the indebtedness of the said John Bertschy to the said bank, but without notice thereof to the said Rosenbaum Bros. Rosenbaum Bros., with the knowledge and consent of the said John Bertschy, but without any knowledge or notice thereof on the part of said bank, September 19, 1881, sold the said clover seed for and on account of the said John Bertschy, and charged the proceeds thereof to the said John Bertschy, and rendered a statement thereof to him. No notice or knowledge of such sale and application of proceeds of said clover seed came to the said bank until October 21, 1881, when an effort was made on the part of said bank, at the request and with the consent of said John Bertschy, to recover the said proceeds of said sale for the said bank. No part of the proceeds of the said sale of clover seed ever came to or were realized by the said bank in any manner.

On October 21, 1881, John Bertschy and the plaintiff, *Katie Bertschy*, his wife, having about 4,500 acres of land

in Sheboygan county, executed the following power of attorney:

"Know all men by these presents, that we, John Bertschy and *Katie Bertschy*, his wife, of the city and county of Sheboygan, Wisconsin, have made, constituted, and appointed, and by these presents do make, constitute, and appoint Bille Williams, of said city, our lawful attorney for us and in our name to bargain, sell, grant, release, and convey to such person or persons and for such considerations or consideration as to our said attorney shall seem most for our advantage and profit, any and all real estate of which we or either of us are seised in the said county of Sheboygan, and upon such sale or sales convenient and proper deeds of conveyance, with or without covenants of warranty, as our deed or deeds to make, seal, deliver, and acknowledge, and for us and in our name to accept and receive all sums of money or other consideration or considerations which shall be coming on account of said sale or sales; and further to pay over the proceeds of all sales of land to such persons as may have any mortgage incumbrances upon said real estate sold under this power of attorney in payment and satisfaction of such mortgage incumbrances; and further after the mortgage debt payable to Lena Hammond [about $6,000], which is a lien upon a portion of our real estate, is fully paid out of the proceeds of the sales of the real estate mortgaged to her,[1] then all the proceeds of the sales of lands mortgaged to said Lena Hammond shall be paid over by our said attorney in satisfaction of the mortgage debt held by the *Bank of Sheboygan* against us, and further, that after all mortgage debts are fully paid and satisfied, that then our said attorney shall pay and deliver over to *Katie Bertschy*, aforesaid, all moneys and personal property remaining in his hands, and

---

[1] In the foreclosure suit of Lena Hammond against John Bertschy there was, after applying the proceeds of the lands therein described, a judgment for a deficiency of $5,235 entered June 3, 1884.

also shall execute and deliver to her proper deeds of convey-
ance in our names, of all real estate owned by us or either
of us in said county of Sheboygan, *in satisfaction of her
dower rights in the above mentioned real estate.* And gen-
erally giving to our said attorney full power and authority
touching the premises to do, execute, proceed, and finish in
all things in as full and ample manner as we or either of us
could or might do if personally present and acting therein.
Hereby ratifying and confirming all lawful acts of our said
attorney by virtue hereof. It is expressly understood and
agreed that this power of attorney shall be irrevocable."

Said power of attorney was duly witnessed and acknowl-
edged so as to entitle it to be recorded, and was recorded
February 16, 1882. At the time of making said power of
attorney the said John Bertschy was indebted to said bank
in the sum of $45,000. On February 23, 1882, the said John
Bertschy and *Katie Bertschy*, his wife, by an instrument in
writing under their hands and seals, directed the said Bille
Williams, their attorney in fact, to pay over to said bank,
to be applied on the debt of said John Bertschy to said
bank, the proceeds of any lands in Sheboygan county be-
longing to the said John Bertschy and not under mortgage
which might be sold under the power of attorney given to
said Williams, or which might have been sold by said Will-
iams. A portion of lots 1, 2, 3, and 4 in block 129 in the
city of Sheboygan, included in said mortgage, was the home-
stead of said John Bertschy and wife, and occupied as such at
the time of making said mortgage and on or about March 14,
1882, when the same was conveyed by the said John Bert-
schy and wife to one Kent for $5,500, and $5,450 of the pro-
ceeds of the sale thereof were paid over to said bank by
their attorney in fact to apply on the indebtedness of said
John Bertschy to said bank.

After making sundry sales of real estate to various pur-
chasers under the said power of attorney, and failing to effect

any other sales thereunder, the said Bille Williams, by and with the consent and understanding of the said John Bertschy and of this plaintiff, made sale and conveyance to the said bank, March 6, 1884, of the premises described. The bank, in consideration therefor, executed and delivered to said attorney in fact, Williams, a writing, reciting in effect that John Bertschy was indebted to the bank in the sum of $20,000, and had conveyed the real estate described in said deed in liquidation of $10,000 thereof, and also reciting the facts in respect to said clover seed, and stating that in consideration of the premises the said bank did thereby release the said Bertschy from all and every personal claim and demand in the matter of said indebtedness, or in or about the premises, saving and excepting that said bank should have and keep all sums which might be realized upon settlement or otherwise out of said claim against Rosenbaum Bros., as aforesaid, up to the net amount of $10,000, after deducting from the amount realized all expenses incurred in litigation or collection, any excess thereof to be paid to said John Bertschy or his assigns. And said bank on the same day also executed and delivered to the said attorney in fact, Williams, for said John Bertschy, another writing to a similar effect. Said bank at the same time surrendered to said Williams, for said John Bertschy, said bond and mortgage of $50,000, and his three separate notes secured thereby, dated respectively July 9, 1881, September 28, 1881, and October 1, 1881, for the payment of the respective sums of $11,000, $3,000, and $5,000, and also on June 10, 1886, discharged said mortgage of record. The consideration for said lands so conveyed was just and fair, and the same was in all respects a just and fair transaction and arrangement by and between the said parties thereto.

On February 26, 1887, the said John Bertschy died. On June 4, 1889, said suit against Rosenbaum Bros. was dismissed.

On February 29, 1892, the plaintiff commenced this action to recover her right to dower in said lands so conveyed to the bank, and that she might be awarded the gross amount of $9,500, with interest thereon from the commencement of this suit, in lieu of and for her dower in all the lands so conveyed to said bank,— sold as well as still held by said bank. The complaint alleged certain of the facts mentioned and other facts. The answer admitted or alleged certain of the facts mentioned.

The cause was tried by the court, and the court found, in effect, the facts stated, and also found that all of the material allegations contained in the answer were sustained, and the allegations contained in the complaint, except as admitted in the answer, were not sustained by the proofs. And as conclusions of law the court found, in effect, that all of the plaintiff's dower rights in the premises mentioned were barred by the conveyance under the power of attorney; that said plaintiff had no interest or claim in said premises or any part thereof; that the defendant was entitled to have the complaint dismissed upon the merits, and to recover its costs and disbursements of this action against the plaintiff; and judgment was ordered accordingly. From the judgment entered accordingly the plaintiff appeals.

For the appellant there was a brief by *Conrad Krez*, and oral argument by *Mr. Krez* and *Mr. H. L. Kellogg*. They contended, *inter alia*, that powers of attorney are strictly construed, and the authority given is never extended by intendment beyond what is given in terms. *Gilbert v. How*, 45 Minn. 121, 22 Am. St. Rep. 724; *Dodge v. Hopkins*, 14 Wis. 635; *Gee v. Bolton*, 17 id. 604. A power of attorney to bar dower should authorize the attorney to relinquish the dower in the body of the instrument. Martindale, Conv. § 240. A power of attorney authorizing a sale of land for a valuable consideration is no authority for giving away the

property. *Meade v. Brothers*, 28 Wis. 689; *Campbell v. Campbell*, 57 id. 288. Nor is it authority for a transfer to pay debts. *Butts v. Newton*, 29 Wis. 632; Mechem, Agency, §§ 325, 326, and cases cited.

*Francis Williams*, for the respondent.

CASSODAY, J. It is contended that by the bill of sale dated February 9, 1881, John Bertschy sold to the defendant about 2,987 bushels of clover seed, then stored with Rosenbaum Bros. in Chicago, which they sold as the property of the defendant for $17,959.78 net, and that John Bertschy's indebtedness to the bank was thereby paid and extinguished to that amount. It is true that that instrument was in the form of a bill of sale, but no price was therein fixed upon the clover seed. It recited a " consideration of one dollar and other valuable consideration to " John Bertschy " in hand paid," but it is manifest from the evidence that there was no consideration except his indebtedness to the bank. Though in the form of a bill of sale, yet, as the court finds, it was given as mere security for the indebtedness mentioned; in other words, it was in legal effect nothing more than a chattel mortgage. Since, at the time the bill of sale was given, the clover seed was in the possession of Rosenbaum Bros. in Chicago, it was manifestly subject to any claim or lien they had thereon. It appears that the bill of sale was unknown to Rosenbaum Bros. until after they had, by direction from John Bertschy, sold the clover seed and applied the proceeds thereof upon his indebtedness to them. There is nothing to indicate that the bill of sale in any way affected their right to sell the clover seed. There is no pretense that the defendant ever authorized or had any knowledge of such sale or application until about October 21, 1881. The power of attorney hereinafter mentioned was given immediately after the acquisition of such knowledge. It is true, the defendant, with the consent

and at the request of John Bertschy, brought suit in the federal court against Rosenbaum Bros. to recover the proceeds of the sale of the clover seed, on the theory, as it is said, that Rosenbaum Bros. had made such sale and retained such proceeds as margins put up by John Bertschy on his illegal deals in futures on the board of trade in Chicago. It is enough to know, as was held by the trial court, that no part of such proceeds ever came to, or was ever in any manner realized by, the defendant; and the suit in the federal court was finally dismissed on the ground that no recovery could be had, upon the principles held by the supreme court of the United States in *Rountree v. Smith*, 108 U. S. 269, and later cases. Since the bill of sale was in legal effect a mere chattel mortgage, it is evident that the mortgagor could not thus convert the clover seed to his own use, and at the same time have the amount of its value applied as so much payment and extinguishment of his indebtedness to the defendant. We must hold that the defendant is in no way chargeable for the proceeds of the sale of the clover seed or any part thereof.

The evidence seems to have justified the trial court in holding that the value of the lands conveyed to the defendant March 6, 1884, did not then exceed the amount which John Bertschy was then indebted to the defendant. John Bertschy lived nearly three years after that conveyance, and yet it does not appear that he took any exception to it; and this suit was not commenced until nearly eight years after that deed. It is contended that such deed to the defendant was subject to the plaintiff's right of dower therein, or, rather, that by taking the deed the defendant became liable to her for the money value of her dower therein at the time of making the conveyance, and interest since. The statute expressly authorized the plaintiff, as the wife of John Bertschy, to bar her dower in the lands thus conveyed " by joining with her husband . . . in a con-

veyance thereof, duly executed and acknowledged by her in
the manner" therein prescribed; and provided that "the
joinder of her name as grantor with her husband in any
deed so executed by her shall be sufficient to bar her dower,
without any other words therein." R. S. sec. 2222. So the
statute expressly provided that the plaintiff, as the wife of
John Bertschy, might, "by letter of attorney, executed and
acknowledged in the manner prescribed" therein, "author-
ize and empower her attorney to bar her dower, or to con-
vey any other interest in any real estate, in the same
manner and in the same cases as she might personally do."
Sec. 2223. It was certainly competent, under these statutes,
for the plaintiff to authorize and empower Williams, as her
attorney in fact, to bar her dower as she did. No question
is made but what the plaintiff and her husband duly exe-
cuted, witnessed, and acknowledged that power of attorney
as prescribed by the statutes, and that the same was duly
recorded prior to the conveyance. The criticism is that the
words, "we or either of us are seised," in it, simply author-
ized the attorney to convey such lands as Mr. and *Mrs.
Bertschy* were seised of as joint tenants or tenants in com-
mon, or which they owned in severalty, but that it did not
authorize him to bar the plaintiff's dower in her husband's
lands, because it does not expressly so state. But the lan-
guage of sec. 2222, R. S., quoted, makes it unnecessary for
the deed to so state in order to bar her dower where she
joins with him in giving a conveyance; and under sec. 2223
we do not think such express statement in such power of
attorney is any more essential. *Gee v. Bolton,* 17 Wis. 604.
The very fact that the instrument provides, in effect, that
after paying and satisfying all mortgage debts on the prem-
ises the attorney should turn the surplus, if any, over to
the plaintiff, "*in satisfaction of her dower* rights in the
above-mentioned real estate," makes it very manifest that

the intention was that she should be barred of her dower in all the lands he so conveyed under the power of attorney.

Since the power to Williams to sell and convey for the purposes mentioned in the instrument was unlimited therein, we perceive no good reason why the sale and conveyance directly to the defendant in consummation of that purpose should be held invalid merely because the sale and conveyance was not made to a stranger for cash and then the cash paid to the defendant. The question presented is one of the power of the attorney to sell and convey, and not the power of the defendant to take by grant. The power of the defendant to accept such conveyance in satisfaction of its claim would seem to be too plain for argument.

We perceive no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.