Argued 30 October; decided 19 November, 1900.

## SECURITY SAVINGS BANK *v.* SMITH.

[62 Pac. 794.]

CONSTRUCTION OF POWER OF ATTORNEY — RELEASE OF DOWER.*

1.   Power of attorney from a married woman authorizing the attorney in fact to exercise supervision over "all my lands" ; to sell "any part of such lands,   *   *   *   or any estate, right, title, or interest that I may

*NOTE.—See note, Release of Inchoate Right of Dower Through Power of Attorney Given by Married Woman, 16 L. R. A. 209.

Read, also, notes, Construction of Powers of Attorney, *Gilbert* v. *How.* 22 Am. St. Rep. 724, and *Hawxhurst* v. *Rathgeb,* 63 Am. St. Rep. 142, 144.—REPORTER.

have therein or thereto"; also, to make partition of "any property or estate that I am interested in," and to mortgage "any part of my lands or interest in lands," relates only to the lands of the wife, and does not empower the agent, by joining with the husband in a mortgage of his lands, to bar the wife's inchoate right of dower therein.

POWER OF ATTORNEY — IMPLIED AUTHORITY TO EXECUTE NOTE.

2.  An attorney in fact having express authority to borrow money in the name of his principal has implied authority to execute a promissory note for the sum borrowed.

From Multnomah: JOHN B. CLELAND, Judge.

Suit by the Security Savings Bank against Susie W. Smith and others to foreclose a mortgage.   Defendants appeal.                                    MODIFIED.

For appellants there was a brief over the name of *Mitchell & Tanner,* with an oral argument by *Mr. John H. Mitchell.*

For respondent there was a brief and an oral argument by *Mr. Milton W. Smith.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is a suit to foreclose a mortgage purporting to have been executed by Preston C. Smith and Susie W. Smith, his wife.  The husband having died, the widow was appointed administratrix of his estate.  Both the note and mortgage were executed October 1, 1892, by the husband on behalf of the wife, by virtue of a power of attorney executed September 13, 1892, while she was in Madison County, Alabama.  The defense is that the power of attorney is inadequate to the purpose of authorizing the husband to execute these instruments in behalf of his wife.  The question is one of much difficulty, because it involves the construction of language which is not altogether clear.  The authority delegated to the attorney in fact was special, so that the husband became thereby a special agent, with power to transact

certain specified business in the name of his principal. Those dealing with such an agent are bound by the authority which he possesses, as it would be iniquitous to involve the principal with matters and transactions to which he has never assented. The undoubted rule is that such a special power should be strictly construed, and that authority is never extended by intendment or construction beyond that which is given in terms, or is necessary for carrying it into effect. In conformity with this idea, it has been held by this court that, when special authority is conferred upon an agent by a formal instrument, two rules of construction should be carefully adhered to: (1) The meaning of the general words in the instrument will be restricted to the context, and construed accordingly; (2) the authority will be construed strictly, so as to exclude the exercise of any power that is not warranted, either by the actual terms, or as a necessary means of executing the authority with effect: *Coulter* v. *Portland Trust Co.,* 20 Or. 469 (26 Pac. 565, 27 Pac. 266). These rules of construction in no wise conflict, however, with another just as well established, and of equal potency and power, which is that the object of the parties must always be kept in view, and, where the language will permit, that construction should be carried out that will support instead of defeat the purpose of the instrument: *Holladay* v. *Daily,* 86 U. S. (19 Wall.), 606. Mr. Justice WALKER, in *Hemstreet* v. *Burdick,* 90 Ill. 444, 450, states the proposition thus: "But it is said that the power must be strictly construed. This may be true, but it does not require that it shall be so construed as to defeat the intention of the parties. Where the intention fairly appears from the language employed, the intention must control. A strained construction should never be given, to defeat that intention, nor to embrace in the power what was not intended by the parties." To the same effect is *Lamy* v. *Burr,* 36 Mo. 85 (88 Am. Dec. 135); and, generally, as to the propositions here enunciated, see

*Gilbert* v. *How,* 45 Minn. 121 (22 Am. St. Rep. 724, 47 N. W. 643) ; *Rountree* v. *Davidson,* 59 Wis. 522 (18 N. W. 518) ; *Dozier* v. *Freeman,* 47 Miss. 647 ; *Peckham* v. *Lyon,* 4 McLean, 45 (Fed. Cas. No. 10,899) ; Mechem. Ag. § 314.

1.   We come now, in the light of these rules of interpretation, to a consideration of the terms of the instrument under which it is claimed that Preston C. Smith was empowered by his wife to bar her inchoate right of dower in and to his lands.   The alleged authority is conferred in the following language :   "To exercise the general control and supervision over all my lands, tenements, and hereditaments in the State of Oregon, and to grant, bargain, and sell the whole or any part of such lands, tenements, and hereditaments, or any estate, right, title, or interest that I may have therein or thereto, on such terms as to my said attorney shall seem meet ; also, to make partition and division of any property or estate, that I am interested in, and to accept and receive my share of such property or estate, and for me and in my name and for my use to borrow moneys, and to mortgage the whole or any part of my lands or interest in lands to secure the same; to demand, receive, and collect any sum or sums of money that are now or may hereafter become due, owing, or payable to me from any person or persons whomsoever, and, upon the receipt thereof, to give and execute acquittances, receipts, releases, or other discharges of the same, and for me and in my name to make, execute, acknowledge, and deliver good and sufficient deeds and conveyances for any of the lands or interest in lands that my said attorney may see fit to dispose of, either with or without covenants of warranty; and generally giving my said attorney full power to do everything whatsoever requisite and necessary in and about my business and affairs, as fully as I could do if personally present."   The authority first given is concerning a bargain and sale of lands, and these are described as "my lands."   The words, "any part

of such lands," subsequently employed, as well as the later clause, "or any estate, right, title, or interest that I may have therein or thereto," refer back to the particular expression or designation, "my lands," so that the language with reference to this subject would seem to restrict a sale to the lands of the wife only. Nor is the power enlarged by the subsequent direction, "and for me and in my name to make, execute, acknowledge, and deliver good and sufficient deeds and conveyances for any of the lands or interest in lands that my said attorney may see fit to dispose of." This is only designed as an authority for carrying into effect the power previously granted to bargain and sell the wife's lands, or interest in lands, and has reference back again to the words "my lands," or any lands which the wife owned. Coming more particularly to the clause in which we are especially concerned, the attorney in fact is authorized "to make partition and division of any property or estate that I am interested in, and to accept and receive my share of such property or estate, and for me and in my name, and for my use to borrow moneys, and to mortgage the whole or any part of my lands or interest in lands to secure the same." It will be observed that the power to partition is placed in juxtaposition or close connection under the same clause with the power to mortgage "any part of my lands or interest in lands," so that it is but reasonable to conclude that the reference to "interest in lands" was used in the same sense in either case. We have it, then, that the attorney in fact was empowered to partition any estate in which the wife was interested, and to mortgage any part of such estate or interest therein, and that the words "interest in lands" have reference to such undivided interest as she might have in lands not yet partitioned, and not to her inchoate right of dower in her husband's lands. Taking the whole instrument by its four corners, it does not seem susceptible of any other construction.

It is said that its object is to empower the husband to bar

the wife's right of dower, but it does not so appear from the face of the paper, nor from the language employed. In *Wronkow* v. *Oakley,* 133 N. Y. 505 (28 Am. St. Rep. 661, 31 N. E. 521, 16 L. R. A. 209), the attorney in fact was authorized "to contract for the sale of, and to grant, bargain, sell, and convey, all or any lands, tenements, or hereditaments or real estate to me belonging,   *   *   *   whether belonging to me individually or jointly with another or others,   *   *   *   and, for the purpose aforesaid,   *   *   * to sign, seal, execute, and acknowledge and deliver all necessary or proper contracts, deeds, conveyances, releases, releases of dower and thirds and right of dower and thirds, or other instrument for the conveying, surrendering, and relinquishing all or any part of my estate, right, title and interest, whether vested or contingent, choate or inchoate therein." This was construed by the supreme court (64 Hun, 217, 19 N. Y. Supp. 51), as not conferring authority to bar the wife's dower, upon the ground that the later clauses contained general expressions only, and should not be applied to the particular act stipulated to be done, so as to enlarge its scope and bearing. But the court of appeals, reversing the supreme court, put its decision upon the ground that the language as to "release of dower," etc., was used for the very purpose of authorizing the husband to do as he did, and that the language of the first clause was not intended to limit these words, and others used for a like purpose and in the same connection. Thus, the whole instrument was construed together, for the ascertainment of the purpose of its execution. So, in *Bertschy* v. *Bank of Sheboygan,* 89 Wis. 473 (61 N. W. 1115), the intention to authorize the release of dower was manifest from the instrument. But there are no words, clauses, or expressions contained in the instrument under consideration indicative of a purpose to authorize a release or relinquishment of dower or right of dower or thirds, or the conveyance of all interest, whether choate or

inchoate. So it is impossible to say from the face of the instrument that its object is to enable the husband to bar the wife's right of dower in his lands. Extrinsically, we find that the mortgage was executed shortly after the power of attorney, which is a slight indication, perhaps, that it was executed for the purpose for which it was used; but this is not enough to overcome the intendment as it appears upon the face of the instrument. We conclude, therefore, that the power of attorney was inadequate to authorize the execution of the mortgage in question in behalf of the wife.

2. As it concerns the note, the only defense presented by the pleadings and urged here against its validity is that the attorney in fact was not authorized to execute it in her name. But it appears plainly enough that the writing authorized him to borrow money for her use, and to that end it was competent for him to execute the note, and by that means to carry into effect the purposes of the power. There is no issue as to whether the money was borrowed for her use or not. Hence we are confined to the question presented by the record. We conclude, therefore, that the note was well executed in behalf of the wife.

It is claimed by the respondent that the wife by her long silence has ratified the acts of her husband under the power of attorney. But such defense is not pleaded, and cannot, therefore, be considered. For the reasons here stated, the decree of the court below will be modified so that it will not bar the wife's right of dower. In all other respects it will be affirmed.                                   MODIFIED.