ISAAC TAYLOR *vs.* MAURICE CURRY.

**A** promissory note given to an insurance company is not rendered unnegotiable by bearing on its face the words: "On policy No. 33,386;" although the policy contains a provision for the set-off of notes due to the company, in case of a loss.

CONTRACT on three promissory notes made by the defendant to his own order, indorsed by him to the Columbian Insurance Company, and by the receivers of said company indorsed to the plaintiff. The first note was as follows : " $401. Boston, December 23, 1864. Twelve months after date I promise to pay to the order of Maurice Curry, four hundred and one dollars, for value received. On policy No. 33,386. Bg. Stromness, Maurice Curry." The other notes differed only in amounts, dates, vessels, and the numbers of the policies.

At the trial in the superior court, before *Devens*, J., it appeared that each of the policies mentioned in the notes contained the following clause : " In case of loss, such loss shall be paid in sixty days after proof and adjustment thereof ; the amount of the premium note, if unpaid, and all sums due to the company from the insured, when such loss becomes due, being first deducted, and all sums coming due being first paid or secured to the satisfaction of the said company, they discounting interest for anticipating payment." The policies contained no other reference to the notes.

The judge ruled that the notes were not negotiable, and that the plaintiff could not maintain this action in his own name, and directed a verdict for the defendant, which was returned. The plaintiff alleged exceptions.

*C. M. Reed*, for the plaintiff, besides the cases cited in the opinion, referred to *Brill* v. *Crick*, 1 M. & W. 232; *Wells* v *Brigham*, 6 Cush. 6 ; *Haussoullier* v. *Hartsinck*, 7 T. R. 733

*Shenton* v. *James*, 5 Q. B. 199 ; *Noxon* v. *De Wolf*, 10 Gray, 343 ; *Jury* v. *Barker*, El., Bl. & El. 459 ; *Evans* v. *Bell*, 20 Alab. 509 ; *Wise* v. *Charlton*, 4 Ad. & El. 786 ; *Fancourt* v. *Thorne*, 9 Q. B. 312 ; *Arnold* v. *Rock River Valley Union Railroad Co.* 5 Duer, 207 ; *Hodges* v. *Shaler*, 22 N. Y. 114 ; *Protection Insurance Co.* v. *Bill*, 31 Conn. 534.

*L. S. Dabney*, for the defendant, cited *Palmer* v. *Ward*, 6 Gray, 340 ; *American Exchange Bank* v. *Blanchard*, 7 Allen, 333 ; *Carlos* v. *Fancourt*, 5 T. R. 482 ; *Hill* v. *Halford*, 2 B. & P. 413.

CHAPMAN, C. J. The body of each note contains words like these: " On policy No. 33,386. Bg. Stromness." Except for these words the notes would clearly be negotiable. The true test of the negotiability of a note is stated by Chief Justice Shaw in *Cota* v. *Buck*, 7 Met. 588. To make it negotiable it must be an undertaking " to pay the amount at all events at some time which must certainly come, and not out of a particular fund or upon a contingent event." The words quoted in these notes do not express any contingency as to the payment of the notes, or refer to any fund out of which they are to be paid, but appear to refer to the consideration for which they were given. Such a reference may be for mere convenience, or for any other reason, but it cannot be interpreted as a modification of the promise. Even if the policy contains a provision for a set-off in case of loss, this does not make the payment of the note contingent upon the happening of no loss ; for the language referred to does not express any such contingency. In *American Exchange Bank* v. *Blanchard*, 7 Allen, 333, the words were " subject to the policy." In *Osgood* v. *Pearsons*, 4 Gray, 455, they expressed a condition that the note was to be given up to the maker on payment ; and were held to take effect according to their reasonable interpretation. Here the parties omitted to use such words as would prevent the notes from being negotiable. A mere reference to the policy, without more, does not affect the negotiability of the note. *Barker* v. *Valentine*, 10 Gray, 341. *Barker* v. *Parker*, Ib. 339.

It is contended that the indorsement of the receivers did not confer on the plaintiff a title to maintain this action ; but the case

was disposed of before that point was reached and it is not before us. When it shall be reached in the course of a new trial, one of the parties, and perhaps both, may need to introduce further evidence. *Exceptions sustained.*