NATIONAL BANK OF NEWBURY *vs.* CHARLES S. WENTWORTH.

SAME *vs.* SAME.

Suffolk.    March 12, 1914.—May 22, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & CROSBY, JJ.

*Bills and Notes,* Negotiability.

The words "as per terms of contract," written after the words "Value received" on the face of a promissory note by the maker before its delivery, do not destroy the negotiability of the note or make its payment to a holder in due course conditional upon the performance of a contract intended to be referred to by the maker.

TWO ACTIONS OF CONTRACT between the same parties, each on an alleged negotiable promissory note signed by the defendant as maker in the name "Charles S. Wentworth & Co.," payable to the order of the Pleasant River Lumber Company and indorsed by that company by its treasurer. Writ in the first case in the Municipal Court of the City of Boston dated October 31, 1910, and writ in the second case in the Superior Court dated May 13, 1911.

The first case having come to the Superior Court by appeal, the two cases were tried together in that court before *Raymond,* J., without a jury, upon the report of an auditor and oral evidence.

The note sued upon in the first case was as follows:
"$1000.00                              Boston, September 7, 1910.

On October 15th after date we promise to pay to the order of Pleasant River Lumber Co. One thousand and 00/100.........
Dollars, Payable at 70 Kilby Street, Boston.
Value received as per terms of contract.
Due October 15.                        Charles S. Wentworth & Co."
[Indorsement]
    "Pleasant River Lumber Company,
                        A. W. Silsbee, Tr."
The note sued upon in the second case was identical in form and language with the one printed above, except that the time of payment was "November 15th after date" and the amount

was $5,000.   The words "as per terms of contract" in both notes were in the defendant's handwriting.

The defendant set up and relied upon the defense that at the time the note was indorsed and delivered to the plaintiff by the Pleasant River Lumber Company, that company had made with the defendant an agreement in writing dated March 15, 1910, by which it agreed to deliver to the defendant a certain large amount of lumber, that it failed to deliver the lumber as agreed and on October 18, 1910, was adjudicated a bankrupt, and that the notes were not negotiable but were made conditional on the performance of the contract by the words "as per terms of contract," which the defendant testified were written by him on both of the notes at the time they were made.

At the close of the evidence the defendant asked the judge to rule that the notes were not negotiable and that judgment should be ordered for the defendant.   The judge refused to make these and other rulings requested by the defendant, and ruled, as requested by the plaintiff, that the defendant's liability was to be determined under the provisions of the negotiable instruments act, R. L. c. 73, §§ 18 *et seq.*, that the plaintiff was a "holder in due course" within the meaning of that phrase as used in the act, that the notes were negotiable instruments as defined in the act, containing an unconditional promise to pay a sum certain in money at a fixed future time, that the words "as per terms of contract" did not relate to the promise to pay, but either related to the consideration or constituted a statement of the transaction which gave rise to the instruments, and therefore did not render the notes non-negotiable.   The judge further ruled that upon all the evidence the plaintiff was entitled to recover the amounts of both the notes with interest from the dates of their maturity.

In accordance with these rulings the judge found for the plaintiff in each of the cases, and at the request of the parties reported the cases for determination by this court, it being agreed, that if the notes in suit were held to be negotiable instruments, or in case they should be held to be non-negotiable instruments but that the defense of breach of contract was not available to the defendant, judgment should be entered for the plaintiff for the several amounts of the notes with interest from the maturity of

each and costs, and that, if the notes were held to be non-negotiable instruments and the defense of breach of contract was available to the defendant, the cases should be recommited to the Superior Court for such action as was just and proper.

*A. Sanford,* for the defendant.

*W. M. Stockbridge,* for the plaintiff.

BRALEY, J.    We assume, as the counsel for the respective parties have assumed at the argument and in their briefs, that the promissory notes in suit were delivered to the payee in this Commonwealth and are governed by our negotiable instruments act found in the R. L. c. 73. *Nashua Savings Bank* v. *Sayles,* 184 Mass. 520, 522.    *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89.

The plaintiff bank is the indorsee, and the presiding judge was warranted upon the evidence in finding, that it is a holder in due course unless the words "as per terms of contract" written by the defendant on the face of each note after the words "Value received" make his promise as maker conditional upon the performance by the payee of the preceding contract between them appearing in the record for the sale and shipment of lumber. The defendant urges, that, the words having been placed upon the notes before delivery, the original parties must have intended to incorporate this contract, and that negotiability is lacking, because a sum certain is not payable at a time fixed in the future. *Costello* v. *Crowell,* 127 Mass. 293.    R. L. c. 73, § 18, cl. 3.    If the words had been, "subject to the contract for lumber," or even "subject to the contract," the principle invoked would have been applicable.    The notes would not have been the defendant's unconditional promise to pay a definite sum.    *Hubbard* v. *Mosely,* 11 Gray, 170.    *American Exchange Bank* v. *Blanchard,* 7 Allen, 333.    *Sloan* v. *McCarty,* 134 Mass. 245.    But, while the defendant doubtless intended to guard against the payment of money for which in the future he did not receive an equivalent, and the payee has gone into bankruptcy, the language used does not affect the payment of the amounts shown by the notes.    By their position, the words well might lead the plaintiff, who is not charged with actual notice, to understand that they were not to be disconnected and applied to an independent outstanding agreement by which the promise was to be modified or restricted,

but that they referred solely to the consideration for which the notes were given. R. L. c. 73, § 69. We are unable consequently to. distinguish the case at bar from *Taylor* v. *Curry,* 109 Mass. 36, where the phrase relied on to destroy negotiability was, "for value received. On policy No. 33,386." It was said by Chief Justice Chapman in delivering the opinion of the court: "The words . . . do not express any contingency as to the payment of the notes, or refer to any fund out of which they are to be paid, but appear to refer to the consideration for which they were given. Such a reference may be for mere convenience, or for any other reason, but it cannot be interpreted as a modification of the promise." See also *Chicago Railway Equipment Co.* v. *Merchants' National Bank,* 136 U. S. 268, 283, 285; *Jury* v. *Barker,* El., Bl. & El. 459. By the terms of the report judgment is to be entered for the plaintiff for the amount of each note with interest from maturity and costs.

*So ordered.*