THE WATERBURY-WALLACE COMPANY, INC., Appellant, *v.* JAMES R. G. IVEY, Respondent.

(Supreme Court, Appellate Term, First Department, March, 1917.)

Negotiable instruments — bills, notes and checks — when negotiable — meaning of words "value received with interest" and "as per contract "— pleading.

Although the words "value received with interest" in a promissory note are followed by the words "as per contract " of a certain date, the instrument is negotiable.

APPEAL by plaintiff from an interlocutory judgment of the City Court of the city of New York sustaining defendant's demurrer to the complaint.

Hugh M. Hewson, for appellant.

Dowsey & Parsons (Erastus J. Parsons, of counsel), for respondent.

MULLAN, J.    The complaint is upon a promissory note reading as follows:

" $1,600.00.                    *November* 13, 1915.

" Ninety-two (92) days after date I promise to pay to the order of Wallace Novelty Co., Inc., Sixteen Hundred ...... Dollars, at 66 Broadway, N. Y. City. Value received with interest as per contract of Nov. 12th, 1915.

" J. R. GRAVES IVEY."

(The payee is the plaintiff, its corporate name having been changed after the note was made.)

Also set out is the contract to which the reference upon the note is made.    The defendant's demurrer for insufficiency is predicated upon the theory that the reference to the contract must be construed as a promise to pay in accordance with the terms of that contract, and that the latter is accordingly made part of the note by virtue of the reference to it, and, being such, shows that the note was to be paid out of a particular fund, and that only.    From the view we take of the case, it will not be necessary to examine the contract for the purpose of determining whether or not it restricts payment of the note to a stated fund, as, if the mention of the contract be held not to constitute more than a reference to the transaction out of which the note grew, the quality of negotiability is present, and the complaint must be held sufficient.    Although the action is by the payee and against the maker, the note not having passed out of the payee's hands, the question of negotiability is important for the reason that the only allegation in the complaint as to consideration, namely, that the note was for value received, would not support an action upon a nonnegotiable instrument.    *Neukirch* v. *McHugh,* 165 App. Div. 406, and cases there cited.

In determining whether the reference to the contract destroyed the negotiability of the note, we are compelled to confine our examination to the note itself. *Schmittler* v. *Simon,* 101 N. Y. 554, 559; *National Bank of Newbury* v. *Wentworth,* 218 Mass. 30. It was said in the *Schmittler* case (see p. 560) that: "The mere mention of a fund in a draft, does not necessarily deprive it of the character of commercial paper, but it must further appear in order to have that effect, that it contains either an express or implied direction to pay it therefrom, and not otherwise. The question, therefore, to be determined here is, whether the fund in question is referred to as the measure of liability or the means of reimbursement." The rule would seem, therefore, to go much further in supporting negotiability than it is necessary to go in the present case, as there is no reference to a fund or other means of payment.

The tendency of the courts is to construe commercial instruments having on them a memorandum or reference to dealings between the parties, as negotiable, if they in other respects have all the characteristics of negotiability. *Schmittler* v. *Simon, supra,* 561; *Hibbs* v. *Brown,* 190 N. Y. 167. There are many cases in the books where it has been held that additional writings upon a note or bill have destroyed negotiability, but it will be found upon examination that the ruling invariably rested upon a determination that the language there present showed that the maker or drawer clearly intended to charge a specified fund and not to go beyond that. The closest cases we have found are *National Bank of Newbury* v. *Wentworth, supra,* and *Taylor* v. *Curry,* 109 Mass. 36. In the *National Bank of Newbury* case the words "as per terms of contract" followed the words "value received" at the end of the note. In the *Taylor* case the note was given by an assured in payment of

a premium, and bore upon it the words "on policy No. 33,386." In both cases it was held that the words claimed to have the effect of destroying negotiability were mere references to the transactions out of which the notes grew, and that the instruments were negotiable. In the *Taylor* case the court said (at p. 37): " The words quoted in these notes do not express any contingency as to the payment of the notes, or refer to any fund out of which they are to be paid, but appear to refer to the consideration for which they were given. Such a reference may be for mere convenience, or for any other reason; but it cannot be interpreted as a modification of the promise. Even if the policy contains a provision for a set-off in case of loss, this does not make the payment of the note contingent upon the happening of no loss; for the language referred to does not express any such contingency." In *National Bank of Newbury* v. *Wentworth* the court said (at p. 32): " But, while the defendant (maker) doubtless intended to guard against the payment of money for which in the future he did not receive an equivalent, and the payee has gone into bankruptcy, the language used does not affect the payment of the amounts shown by the notes." In both of these Massachusetts cases the court points out that the ruling would have been different had the questioned language been such as " subject to " the contract, or the policy, as the case might be, citing cases where reference in such form was held to create restriction of payment. The respondent relies upon *Ehrichs* v. *De Mill,* 75 N. Y. 370, where the note read: " Please pay to F. Ehrichs $400.00 and charge the same to my account of grading and paving Lexington Avenue, between Patchen and Broadway, as per contract." It will be seen that the instrument there construed clearly

restricted payment to the fund created by the contract mentioned. We think the note in question in the present case was negotiable, and that the complaint is good.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to the defendant to withdraw demurrer and answer within six days after service of a copy of the order entered hereon in the City Court and notice of entry thereof and payment of costs in this court and in the court below.

Guy and Philbin, J J., concur.

Interlocutory judgment reversed, with costs.