AUBREY Z. GOODFELLOW, administrator, *vs.* LAMBERT H.
FARNHAM & another.

Worcester.    September 26, 1920. — November 23, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Bills and Notes*, What constitutes. *Pleading, Civil*, Declaration.

The following instrument is a negotiable promissory note: "On demand after date
I promise to pay to the order of Ann Maria Sprague One thousand Dollars
with interest at 8% per annum. In case of Mrs. Sprague's decease, the principal
to be kept as a fund for the Baptist Society at Westminster, Mass., interest to
go to Theodosia Miles Whitman; and in case of her decease, interest to go to
said Baptist Society."

The following instrument is a negotiable promissory note: "On demand after date
I promise to pay to the order of Ann Maria Sprague Four hundred Dollars with
interest at 8% per annum. In case of Mrs. Sprague's decease, the principal to
be kept as a fund for the Baptist Society at Westminster, Mass., interest to go
to Theodosia Miles Whitman; and in case of her decease, interest to go to said
Baptist Society."

A declaration in an action by the administrator of the estate of the payee named
in the foregoing instruments against the makers need not set forth any considera-
tion for the promises therein contained.

CONTRACT, with a declaration in two counts, each upon an
instrument alleged to be "a promissory note, payable to the
plaintiff's intestate or order," the instruments being described in
the opinion. Writ dated March 19, 1919.

The defendants demurred. The demurrers were heard by
*Hammond, J.*, and were sustained. Judgment was entered for the
defendants; and the plaintiff appealed.

The case was submitted on briefs.

*J. A. Stiles & A. Z. Goodfellow*, for the plaintiff.

*E. H. Hadley*, for the defendants.

BRALEY, J. The material parts of the instruments declared
on read as follows: "On demand after date I promise to pay to the
order of Ann Maria Sprague One thousand Dollars with interest at
8% per annum. In case of Mrs. Sprague's decease, the principal
to be kept as a fund for the Baptist Society at Westminster, Mass.,
interest to go to Theodosia Miles Whitman; and in case of her

decease, interest to go to said Baptist Society." "On demand after date I promise to pay to the order of Ann Maria Sprague Four hundred Dollars with interest at 8% per annum. In case of Mrs. Sprague's decease, the principal to be kept as a fund for the Baptist Society at Westminster, Mass., interest to go to Theodosia Miles Whitman; and in case of her decease, interest to go to said Baptist Society."

The defendants' demurrer having been sustained and judgment ordered in their favor, the question for decision on the plaintiff's appeal is, whether the instruments are negotiable promissory notes. If they are, it is immaterial that no value is expressly stated. R. L. c. 73, § 23. The promise in each instrument to pay to the order of the payee is absolute and she could by indorsement in her lifetime have transferred title, and the indorsee could have demanded and enforced payment. The words following do not create any contingency postponing payment, or impose any limitation on or modification of the defendants' promise to pay to her absolutely and at all events. It is plain that this is the only express contract between the intestate and the makers, and being unconditional the defence of non-negotiability cannot prevail. R. L. c. 73, § 18. *Cherry* v. *Sprague,* 187 Mass. 113. *National Bank of Newbury* v. *Wentworth,* 218 Mass. 30, 32. The judgment accordingly must be reversed and the demurrer overruled.

*So ordered.*