CENTRAL NATIONAL BANK *vs.* EDGAR G. HUBBEL.

Essex.    October 21, 1926. — January 4, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bills and Notes,* What constitutes negotiable instrument.

The following is not a negotiable instrument: an instrument in which the signer promises to pay to the order of a designated payee a certain amount of money and which also contained provisions, "This note, one of a series of notes, having been given to the said . . . [payee], as per contract for certain apparatus, it is hereby agreed that the ownership and title to said apparatus remain in said . . . [payee] until this note is fully paid; and that in event of default in payment of any prior note of said series, this note shall, at the option of the holder thereof, become immediately due and payable. It is further agreed that I will pay all costs, expenses and attorney's fees in case of suit on this note."

CONTRACT, the plaintiff in the declaration relying on the instrument set out in the opinion, declaring it to be a "promissory note" indorsed by the payee in blank, and alleging that it was "the owner and holder of said note." Writ dated September 17, 1924.

The defendant demurred. The demurrer was heard by *Quinn,* J., and was sustained, and the judge, being of opinion

that his ruling so affected the merits of the action that the matter ought to be determined by this court before further proceedings, reported the case for that purpose.

The case was submitted on briefs.

*H. R. Mayo & E. J. Garity,* for the plaintiff.

*T. J. Barry & T. F. Duffy,* for the defendant.

RUGG, C.J.   This is an action on an instrument in writing of the following tenor:

"$2452 50/100                    Boston, Mass. Sep. 1 1921

Thirteen months after date I promise to pay to the order of
CAMPBELL ELECTRIC Co.

Lynn, Mass.

Twenty Four hundred fifty-two and 50/100 . . . . . . Dollars.
Payable at Old Colony Trust Co. Boston.

This note, one of a series of notes, having been given to said Campbell Electric Co., as per contract for certain apparatus, it is hereby agreed that the ownership and title to said apparatus remain in said Campbell Electric Co. until this note is fully paid; and that in event of default in payment of any prior note of said series, this note shall, at the option of the holder thereof, become immediately due and payable.   It is further agreed that I will pay all costs, expenses and attorney's fees in case of suit on this note.

Value received with interest.   At 8%.

No. 12.   Due Oct. 1, 1922.              EDGAR G. HUBBEL
                                         39 Bay State Rd.
                                                  Boston."

The question is whether this is a negotiable instrument.

It is provided by G. L. c. 107, § 23, cl. 2, that an instrument to be negotiable "Must contain an unconditional promise or order to pay a sum certain in money."   In this particular the negotiable instruments act, first enacted in this Commonwealth by St. 1898, c. 533, did not change the requirement of the common law as here prevailing before its passage.   Theretofore, it had been held that a promissory note meant "an unconditional promise to pay a definite sum." *Moore* v. *Edwards,* 167 Mass. 74, 76. *Wells* v. *Brigham,* 6 Cush. 6. *Commonwealth Ins. Co.* v. *Whitney,* 1

Met. 21, 23. *Gay* v. *Rooke*, 151 Mass. 115. *Sears* v. *Lawrence*, 15 Gray, 267. *Eastern Railroad* v. *Benedict*, 15 Gray, 289, 292. *Knowlton* v. *Cooley*, 102 Mass. 233.

The instrument in the case at bar is in substance and effect a conditional sale of "certain apparatus" to which reference is made and title to which is to remain in the Campbell Electric Company until paid for in full. There is the further statement that "This note, [is] one of a series" given to the Campbell Electric Company, "as per contract for certain apparatus." These words in conjunction with the rest of the instrument import a reference to the contract and render the promise contingent upon its fulfilment. *American Exchange Bank* v. *Blanchard*, 7 Allen, 333. *Taylor* v. *Curry*, 109 Mass. 36. The case at bar is distinguishable from *National Bank of Newbury* v. *Wentworth*, 218 Mass. 30, and *Goodfellow* v. *Farnham*, 236 Mass. 453.

While the common law prevailed, the question arose whether an instrument was a promissory note when phrased in these words: "Received of T. S. Sloan, this day, roan horse known as A. M. Brown horse for which I promise to pay T. S. Sloan or order eighty-five dollars one month from date, at the Leicester ——, said horse to be and remain the entire and absolute property of the said Sloan until paid for in full by me." It was held that it was not a promissory note. *Sloan* v. *McCarty*, 134 Mass. 245. We are unable to perceive any difference in legal substance between the instrument then before the court and the one here presented. Since the definition of a promissory note was the same when that decision was rendered as that of a negotiable instrument now established by statute, so far as these facts are concerned, it is impossible to make any sound distinction between that case and the one now at bar. We are not prepared to overrule the earlier decision, and regard it as binding. The negotiable instrument law affords no ground for reaching any different conclusion from that reached before it was enacted. See *Union Trust Co.* v. *McGinty*, 212 Mass. 205.

This conclusion is supported by *Worden Grocer Co.* v. *Blanding*, 161 Mich. 254, 257, *Reynolds* v. *Vint*, 73 Ore. 528, *South Bend Iron Works* v. *Paddock*, 37 Kans. 510, *Fleming* v.

*Sherwood,* 24 N. D. 144, 148, 149, *Polk County State Bank* v. *Walters,* 145 Minn. 149.

In accordance with the terms of the report, the entry may be

> *Plaintiff has leave to amend its declaration.*