(115 So. 303)

**CULBREATH et al. v. GUITERMAN, ROSENFIELD & CO.   (4 Div. 279.)**

Supreme Court of Alabama.   May 5, 1927.

Rehearing Granted to Appellees Dec. 15, 1927.

Rehearing Granted to Appellants
Jan. 28, 1928.

**1. Bills and notes ⬥165 — Purchase-money note, stipulating that it was given "as per" contract, held negotiable (Code 1923, § 9031).**

Note given for part purchase price of named property, but containing clause in body of note, following promise to pay, that note was one of series covering balance of purchase price of retort plant, "as per" contract between certain corporation and maker, *held* negotiable, since "as per" meant in accordance with or pursuant to, and added statement is merely statement of reason and occasion for promise, which may be coupled with promise to pay, under Code 1923, § 9031.

On Appellants' Motion for Rehearing.

**2. Bills and notes ⬥343—Persons acquiring notes with notice that notes and sale contract were parts of one transaction took them subject to all defenses makers had against payees.**

Where persons acquired notes reciting they were given for purchase price of retort plant as per contract between certain corporation and makers, with notice that notes and contract were parts of one transaction, they took notes subject to all conditions and terms, and subject to all defenses that makers had against payees.

3. **Bills and notes** ⟋503—Rejecting evidence of failure of consideration held error, where plaintiffs acquired notes subject to all defenses makers had against payees.

Where plaintiffs, suing on notes, took them subject to all defenses that makers had against payees, it was error to refuse evidence of failure of consideration.

4. **Bills and notes** ⟋537 (3, 6)—Issues held for jury, in view of offered evidence of failure of consideration and ground for inference that plaintiffs acquired notes subject to defenses against payees.

In action on notes, in which there were some grounds of inference that plaintiffs had taken notes subject to all defenses makers had against payees, and evidence of failure of consideration was offered, giving of affirmative charge for plaintiffs *held* error.

Anderson, C. J., and Thomas and Bouldin, JJ., dissenting on first rehearing.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action by Edward L. Rosenfield and others, doing business as Guiterman, Rosenfield & Co., against D. R. Culbreath and another. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Powell & Albritton, of Andalusia, for appellants.

The reference in the notes to the contract destroyed the negotiability of the notes and permitted the makers to interpose any defense that might arise by reason of breaches of the contract by the payee. At any rate, evidence of such breaches was admissible. Elmore County Bank v. Avant, 189 Ala. 418, 66 So. 509; Continental B. & T. Co. v. Times Pub. Co., 142 La. 209, 76 So. 612, L. R. A. 1918B, 632; 8 C. J. 730; State Bank v. Cape Girardeau, etc., Co., 172 Mo. App. 662, 155 S. W. 1111; Owen v. Moore, 14 Ala. 640; 1 Randolph on Com. Paper (2d Ed.) § 197; 3 R. C. L. 1024.

Baldwin & Murphy, of Andalusia, for appellees.

The words "as per contract" on the face of the note did not render it nonnegotiable. Strand Am. Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1126; Bank of Sherman v. Apperson (C. C.) 4 F. 25; L. R. A. 1918B, 640; Siegel v. Chicago Trust & Sav. Bank, 131 Ill. 569, 23 N. E. 417, 7 L. R. A. 537, 19 Am. St. Rep. 51; First Nat. Bank v. Lightner, 74 Kan. 736, 88 P. 59, 8 L. R. A. (N. S.) 231, 118 Am. St. Rep. 353, 11 Ann. Cas. 596; Tyler v. Whitney Bank, 157 La. 249, 102 So. 325; 3 R. C. L. 918; 8 C. J. 124. The breach of an executory contract, the consideration for a note, is not a defense against an indorsee for value before maturity with notice of contract but not of its breach. U. S. Nat. Bank v. Floss, 38 Or.

72, 62 P. 751, 84 Am. St. Rep. 752; Weber v. Rosenheim, 37 Ill. App. 73; Fox v. Citizens' B. & T. Co. (Tenn.) 37 S. W. 1102, 35 L. R. A. 681.

BOULDIN, J. The suit is on a series of promissory notes—by the indorsees against the makers.

The question of first moment is their negotiability vel non.

The form of the note is as follows:

"Purchase-Money Note.

"$1500.00.                    Dated June 15, 1921.

"On September 1st, after date we promise to pay to the order of the Southern Pine Tar & Oil Company, Savannah, Ga., the sum of fifteen hundred and no/100 dollars, with interest from date at the rate of 8 per cent. per annum, and all costs of collection, including 10 per cent. attorney's fees, at any bank in Savannah, Ga.

"This note is one of series of notes given Southern Pine Tar & Oil Company covering balance of purchase price of retort plant as per contract between that corporation and the maker hereof, dated May 16, 1921."

Signed by makers.

By the written contract of May 16, 1921, the payee, with offices at Savannah, Ga., agreed to sell and the makers agreed to buy two portable retorts with equipments for the manufacture of pine oils, tar, and charcoal, the plant to be located at Rome, Ala.

The seller agreed to allow the use of its methods and processes of manufacture, and to teach the buyers how to operate. All the products of the plant were to be marketed through the seller's agency on a commission basis.

Another provision reads:

"Party of the second part to operate on full time, but if from any unforeseen cause the party of the second part is unable to so operate plant, the party of the first part agrees to renew above-mentioned notes for such reasonable time as may be agreed to."

As between the parties, the several instruments clearly constituted one contract.

The stipulation for renewal as per the above-quoted clause, if incorporated in the note, would destroy negotiability. The right of renewal on a contingency that may or may not happen necessarily renders the time of payment uncertain. A stipulation giving a general right of renewal for an indefinite time has the same effect. Code, § 9032; Anniston Loan & Trust Co. v. Stickney, 108 Ala. 146, 19 So. 63, 31 L. R. A. 234; 3 R. C. L. p. 910, § 98.

The mere fact that a promissory note, possessing all the elements of negotiability as defined by law, is related to another instrument in such way that, in the contemplation of the parties, both constitute one contract does not affect the negotiability of the

note. Its face is its passport. However, it is not necessary that the terms of the related contract appear on the face of the note. If there is such reference in the note as imports to the ordinary holder that the note is subject to the terms of the contract, that they are related as parts of a whole, that the obligation of the maker is to be gathered from the entire contract, the note is not negotiable when the contract shows conditions. But "a statement of the transaction which gives rise to the instrument" does not render the note conditional and nonnegotiable. Code, § 9031.

In Strand Amusement Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1121, this court reviewed the authorities and laid down the governing rules of construction. See, also, extended note to that case. 14 A. L. R. pp. 1126–1133; Verner v. White, 214 Ala. 550, 108 So. 369; Sacred Heart Church v. Manson, 203 Ala. 256, 82 So. 498; People's Bank v. Moore, 201 Ala. 411, 78 So. 789.

The difficulty arises in making application of these rules to the terms of the reference clause as expressive of the intent of the parties.

The reference clause in the note above quoted shows it was given for part purchase price of named property. Thus far, it is a statement of the transaction out of which it arose, and does not imply the note is subject to the terms of another contract.

But is this all? The clause as a whole is full and explicit, appears in the body of the note following the promise to pay. It clearly imports that the retort plant was purchased as per contract, naming the parties and the date, and that the notes are given as per contract of purchase.

We think the instrument as a whole discloses to the ordinary business man that the note is subject to the terms of the contract thus carefully identified.

It follows the notes sued upon were nonnegotiable, and open to the defense of failure of consideration. The court erred in refusing evidence that the retorts purchased were never delivered.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

SAYRE, J., not sitting.

ANDERSON, C. J., holds that Strand Amusement Co. v. Fox, supra, should be modified or overruled rather than attempt to differentiate that case from the present.

GARDNER, J., dissents.

SOMERVILLE, J. (dissenting). [1] I am unable to concur in the decision of the majority in this case because, notwithstanding its attempted differentiation from the case of Strand Amusement Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1121, I think it destroys the principle of the Fox Case, and is in fact opposed to the unanimous views of all of the American courts that have dealt with this specific question.

That principle is that the statement on the face of a note, if otherwise negotiable in form, that it is given "as per contract," does not impair its negotiable quality.

With respect to this identical phrase, even where it occurs in the body of the note, the following cases are in accord with the Fox Case: Nat. Bk. of Newberry v. Wentworth, 218 Mass. 30, 105 N. E. 626; Waterbury-Wallace Co. v. Ivey, 99 Misc. Rep. 260, 163 N. Y. S. 719; Tyler v. Whitney-C. Tr. & Sav. Co., 157 La. 249, 102 So. 325; Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663; First Nat. Bank v. Badham, 86 S. C. 170, 68 S. E. 536, 138 Am. St. Rep. 1043; Internat. Finance Corporation v. N. W. Drug Co. (D. C.) 282 F. 920. And to these may be added Jury v. Barker, 4 Jur. N. S. 587, 120 Eng. Reprint, 580, by Lord Campbell, C. J.

The Louisiana court apparently limits the noneffect of this phrase on negotiability to cases where it appears in a sentence distinct from the sentence containing the promise to pay—a limitation not found in any other decision.

In the Fox Case we interpreted the phrase "as per" as meaning "in accordance with, or pursuant to." The following cases hold that a statement on the face of the note that it is given "in accordance with the terms" of a certain contract does not impair negotiability: Markey v. Corey, 108 Mich. 184, 66 N. W. 493, 36 L. R. A. 117, 62 Am. St. Rep. 698; Continental Guaranty Co. v. People's Bus Line, 1 W. W. Harr. (Del.) 595, 117 A. 275; Doyle v. Considine, 195 Ill. App. 311. And in Old Colony Co. v. Stumpel, 126 Misc. Rep. 375, 213 N. Y. S. 536, it was held that the statement that the note was "given covering deferred installments *under* conditional sale contract for a motor vehicle" did not impair negotiability. This overwhelming array of authorities, speaking with a single voice, is ignored by the majority opinion.

That opinion conceives that the instant case can be distinguished from the Fox Case in two particulars: (1) That the reference clause is here found in the body of the note; and (2) that it states not only the fact, but also some the subject-matter, of the contract.

It must be observed that the promise to pay—the entire essential part of the note—is a separate and complete sentence and paragraph. The reference clause, a separate paragraph also, states that:

"This note is one of series of notes given [the payee] * * * covering balance of purchase price of retort plant as *per contract* between that corporation and the maker hereof dated May 16, 1921."

I am unable to see how it can be even plausibly contended that the words "as per," an adverbial phrase, can be referred to anything else than the giving of the note, or the *covering;* that is, taking care of, the balance of the purchase price. Certainly, it means, because it declares, that the note "is given * * * as per contract," or is "covering the * * * purchase money as per contract." And to say that "as per" does not relate to either of its immediate antecedents, "covering" or "given," but, on the contrary, reaches back into the preceding paragraph and qualifies the *promise to pay,* is, to my mind, an impossible theory, which violates common understanding and every principle of grammatical construction.

The Negotiable Instruments Law (Code 1923, § 9031) declares that:

The "promise to pay is unconditional * * * though coupled with: * * * A statement of the transaction which gives rise to the instrument."

There is nothing in this that limits the *fullness* of the statement. Manifestly, it may include the substance of the *entire transaction,* without affecting negotiability, provided always that the "statement" itself does not show that the *promise to pay* is conditional. It is the quality, not the quantity, of the statement that counts; and, of course, the qualification of the promise to pay must appear from the terms of the *contract as stated,* and not as an implication of law grounded upon the payee's contingent breach of the contract.

Here, then, we have a reference to the contract, a statement of the transaction which caused the giving of the note. Three things are shown: (1) That the note is one of a series, one of a number, of notes; (2) given to the payee for the balance of the purchase price of a retort plant; (3) as per; that is, according to or pursuant to, a contract between the parties dated May 16, 1921. The majority opinion impliedly concedes that if the reference clause were simply that the note was given "as per a contract between the parties dated May 16, 1921," negotiability would not be affected; or, if it were merely that the note was given "for the purchase price of a retort plant," it would be without effect; and equally without effect if it showed only that the note was "one of a series." How then can the three ciphers, added together, produce any result? The fact that the series of notes were given for the balance of the purchase money, "in accordance with," "pursuant to," or "as provided by," a contract of a certain date, does not qualify the promise to pay, and is no more than a statement of the reason and the occasion for the promise.

The promise to pay may be "coupled with" such a "statement" (Code, § 9031) without rendering it conditional. Obviously, this *coupling* must be by some *connecting phrase;* and in common parlance, and with the general sanction of the courts, "as per" has been adopted as appropriate for that purpose within the permission of the statute. What the majority are now holding is that an unqualified promise to pay is rendered conditional by an independent reference clause which shows no more than the name of the thing bought, the names of the parties, and the date of the contract of sale; this for the reason that "given as per" such a contract means given *subject* to its terms, whatever they may be. This, in my judgment, is a clear repudiation of what was decided in Fox v. Strand Amusement Co., supra, as well as in the numerous cases cited above, and is, also, a practical nullification of the statute above referred to.

The object and effect of such a reference is not to warn a purchaser of the note that the promise to pay is in fact contractually qualified by terms which do not appear, but to identify the consideration for the note, so that the maker will have conclusive evidence of its relationship to the contract, in the contingency of the payee's breach of any of its terms. In asserting such a breach as against the enforcement of the note by the payee, or even by a transferee, conclusive written evidence of the relation might be of the highest value.

### On Appellees' Rehearing.

PER CURIAM. The foregoing opinion by SOMERVILLE, J., is approved by the majority, and becomes the opinion of the court.

Application for rehearing granted, and judgment of the court below affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.

BOULDIN, J. (dissenting). This case has had careful consideration on application for rehearing. The rights of parties involved bring this duty in all cases where difficult questions are involved, or division and doubt arise as to the correctness of the views first expressed. The large place of commercial paper in the daily transactions of business, and consequent need of uniformity and clarity in the law defining negotiable instruments with the relations of parties thereto, have led to the enactment of a Uniform Negotiable Instruments Law by most, if not all, the states. The uniform construction of this law, in keeping with sound principle, is helpful to the end in view. This court would contribute to this much to be desired result.

Dealing with paper having on its face a reference clause to some related contract, the essential inquiry is: Does such reference clause import that the obligation to pay is made subject to the terms of the related contract, or is it merely "a statement of the

transaction which gives rise to the instrument"? Our leading case of Strand Amusement Co. v. Fox, supra, dealt with the phrase "as per contract," written on the margin of the note. This court said:

"Our review of the reported cases, including many not noted above, would seem to show that the conclusion in most cases is made to depend upon the collocation of the reference clause with a particular part of the note and its relation thereto. If it is so placed in relation to the promise to pay as to clearly qualify that promise, by subjecting it to the terms of some other contract referred to, negotiability is denied."

Accordingly, the court, by majority decision, held that the reference clause involved, by reason of its "detachment physically and grammatically from the essential part of the note," would be construed as explanatory merely, and not as qualifying the promise to pay. Since this case was reported and annotated in 14 A. L. R. 1121 et seq., it has been cited and quoted in decisions of several states. Among these is International Finance Corporation v. Calvert Drug Co., 144 Md. 303, 124 A. 891, 33 A. L. R. 1162, with supplemental note.

This case involved liability on a trade acceptance. In the face of the draft appeared: "The obligation of the acceptor hereof arises out of the purchase of goods from the drawer." The drawer was "Reolo, Inc." The acceptance of the Calvert Drug Company was in these words: "Accepted for payment as per Reolo, Inc. Contract for amount and date as shown here." Said the Maryland court:

"The expression 'as per' is said in the Oxford Dictionary to mean 'according to; as stated or indicated by.' Giving it that meaning, which is in accord with common usage, the acceptance would mean, 'Accepted for payment according to the Reolo contract.' 'According to' means 'in agreement with,' and the true meaning of the phrase could therefore be stated in these words: 'Accepted for payment in agreement with the terms of the Reolo contract.' Obviously, as so used, they were intended to qualify the phrase 'Accepted for payment,' because they could have related to nothing else. If the acceptance was in accordance with, or in agreement with, the terms of the Reolo contract, it must have depended upon those terms, and the phrase 'as per Reolo contract' was not a mere statement intended to identify the transaction in connection with which it was used. An illustration of a mere identifying phrase is found in the same paper in the words, 'The obligation of the acceptor hereof arises out of the purchase of goods from the drawer,' which merely states the origin of the transaction. * * * And it is far more reasonable to assume that, when a business man qualified his acceptance of a bill of exchange by the use of the words 'as per contract,' he intended the words to make the draft depend upon the contract, than to assume that he thereby intended merely to identify the transaction in connection with which the acceptance was given. . * * * To hold that the words 'according to the terms of the Reolo contract' do not make the acceptance conditional, but that the words 'subject to the conditions of the Reolo contract' do, would be, in our opinion, to exalt form above substance. How could the expression 'according to the terms of the Reolo contract' mean anything different from 'subject' to those terms, and how could the draft be 'subject to the terms of the contract,' without being in agreement with them and dependent upon them?"

This is a well-considered case, wherein many authorities are reviewed and the confused state of the law pointed out. "Accepted for payment" are words of execution as applied to drafts, the equivalent of "promise to pay" or "given," as used in a promissory note. The acceptance meant the same as a promissory note "given for goods purchased from the payee as per contract between him and the maker." Thus considered, that case is practically on all fours with the case at bar.

Another recent case is Utah Lake Irrigation Co. v. Allen, 64 Utah, 511, 231 P. 818, 37 A. L. R. 651, with supplemental note at page 655. In that case was written on the margin of the note: "This note is part of agreement dated January 19, 1921." The court said:

"It is generally held that a statement on the face or in the body of a promissory note, similar to and in effect like the statement on the note in question in this case, does not affect or destroy the negotiability of such an instrument, when negotiable in form."

In support of this holding the usual line of cases was cited and reviewed, among them our Fox Case.

The reference clause in this Utah case expressly declares it is only a part of the agreement between the parties. What words could more aptly show the obligations of the parties are to be gathered from the entire contract, of which the note is only a part? How can a paper be a part of an agreement, unless it is subject to the terms of the whole? To our thinking this case is an entire departure from sound principles of construction. It virtually strikes out all reference clauses as meaningless, unless the conditions of the related contract are set forth in the face of the note. Everywhere, so far as our search goes, it is declared that, no matter how brief the reference clause, if it shows the obligation of the maker is subject to or burdened with the terms of a related contract, the negotiability of the paper is to be determined as if the entire contract was written into the note.

In strong contrast with this Utah case is the state of the law as recently declared by the Supreme Court of Massachusetts. In National Bank v. Wentworth, 218 Mass. 30, 105 N. E. 626, the clause "value received as per terms of contract" was held not to impair the negotiable quality of the note. The holding was placed upon the ground that, by their position, the words "as per * * * con-

tract" might lead an indorsee to understand they were not to be disconnected and applied to an outstanding agreement, but referred solely to the consideration, the "value received." In Waterbury-Wallace Co. v. Ivey, 99 Misc. Rep. 260, 163 N. Y. S. 719, and in First National Bank v. Badham, 86 S. C. 170, 68 S. E. 537, 138 Am. St. Rep. 1043, similar clauses were involved.

In Central Nat. Bank v. Hubbel (Mass.) 154 N. E. 551, decided the present year, the holding is aptly stated in the headnote as follows:

"Note containing statement that it was 'one of a series * * * given * * * as per contract for certain apparatus, it is hereby agreed that the ownership and title to certain apparatus remain in [payee] until this note is fully paid, * * *' held not negotiable."

The court, speaking by Rugg, C. J., said:

"These words, in conjunction with the rest of the instrument, import a reference to the contract, and render the promise contingent upon its fulfillment."

Nat. Bank of Newbury v. Wentworth, supra, was held distinguishable.

These recent cases from the courts of Massachusetts and Maryland indicate a trend of opinion toward basic principles, not always observed and leading to much confusion on the subject. The real test is: Does the reference clause show there is an existing contract in accordance with which, or in agreement with which, the note is given? If so, he who sees the note discovers at once that it is not the full agreement of the parties, and must govern himself accordingly.

Looking at the reference clause before us: "This note * * * is given * * * as per contract" means this "promise to pay" is made "as per contract." "Covering balance of purchase price of retort plant as per contract" means "covering amount payable as per contract of purchase." True, the reference clause, grammatically speaking, does not refer back to the first paragraph in the paper. But it brings forward that paragraph into the reference clause. "This note"—the above note, the above promise to pay—is "given"—is made "as per contract"—in agreement with a contract of purchase between the parties. There is a marked difference between a mere statement of the transaction identifying the consideration for the paper and a reference clause of this character.

"Given" to cover "purchase price" of described property identifies the transaction. It does not indicate that another instrument is in existence as part of that transaction. When this appears, a different case is presented. The issue here must not be confused with the rights of a holder in due course of paper admittedly negotiable. When the maker issues such paper, a courier without luggage, inviting its passage into the channels of business, the holder in due course is protected. He may have notice that the consideration is executory, and still take the paper for value, if he knows of no failure of consideration, or other facts giving his purchase the elements of bad faith.

But the question here is negotiability vel non. It is sometimes declared that the law favors a construction in favor of negotiability. Dealing with paper given in advance for something to be delivered thereafter as per contract, such rule is of questionable application. It can hardly be said that a business man is presumed to issue an unconditional promise in such case. Negotiable paper issued in such case invites imposition, and even fraud, as every experienced practitioner has had occasion to observe. It is much like paying in advance. The presence in the channels of trade of negotiable paper representing no consideration of value to the maker is a hurt to business.

The fundamental right to make contracts not violative of law or public policy is a highly favored one. We agree with the Maryland court that a reference clause, showing the note is given in connection with the purchase of property which the parties have chosen to reduce to writing, and declaring the note is "given as per such contract," should be treated as contractual, not merely descriptive, as matter of substance, not form.

If this suit, for example, was by the payee against the maker, would we receive parol evidence that the note was unconditional, and not subject to the terms of the contract, or would we hold that the note itself, by a reference clause giving the subject-matter, the date, and the parties, was conclusive that the two were one contract; the obligation of the note being made subject to the terms of the contract? If the note means that when given, it continues so to do. It is misleading to speak of a related contract of this character as "collateral" or "extraneous." The written contract of purchase is naturally expected to set forth the terms and conditions of the deal, and the note the evidence of debt to accrue pursuant thereto. The two are one contract. The purpose of the reference clause is to keep them so; to prevent the passage of the note into the channels of business as commercial paper with its incidents. We think business men fully understand the meaning of such references, and it is for the courts to give effect to them. There can be no harmony of decision until a sound basis of reason is reached and applied. The large number of decisions on this question by divided courts is impressive.

As further supporting these views, we cite Hubbard v. Wallace, 201 Iowa, 1143, 208 N. W. 730, 45 A. L. R. 1065; Chicago Trust & Sav. Bank v. Chicago Title & T. Co., 190 Ill. 404, 60 N. E. 586, 83 Am. St. Rep. 138; Lane Co. v. Crum (Tex. Com. App.) 291 S. W. 1084;

Continental Bank & T. Co. v. Times Pub. Co., 142 La. 209, 76 So. 612, L. R. A. 1918B, 632. This Louisiana case is not overruled by the later case of Tyler v. Whitney-Central Trust & Sav. Co., 157 La. 249, 102 So. 325, but distinguished by a process of reasoning not entirely conclusive. Indeed, the Continental Bank Case is clarified and approved in First State Bank, etc., v. Crain, 157 La. 427, 102 So. 513, 38 A. L. R. 347.

ANDERSON, C. J., and THOMAS, J., concur in this dissent.

On Application for Rehearing by Appellants.

BOULDIN, J. On application for rehearing by appellants, after granting appellees' application for rehearing, a question is presented which was not considered or passed upon by the court. It was sufficiently raised in original brief of appellants, but the writer, taking the view that the notes were not negotiable, dealt only with that question.

When the court took a different view on rehearing, this further question was, by oversight of the writer, not considered. It is this: Defendants propounded statutory interrogatories to plaintiffs, among others, the following:

"If you claim to be the owners of the notes sued on in this cause, please state whether or not you acquired them from the Southern Pine Tar & Oil Company. If yes, please set out fully how and in what manner you acquired said notes from said the Southern Pine Tar & Oil Company, and all the facts relating to the same, including any contracts or agreements you had with said the Southern Pine Tar & Oil Company with reference to said notes sued on."

The notes sued upon were called for as exhibits. The exhibits "attached to said answers" include copies of the notes, and along with them a copy of the related contract, the substance of which is set out in the original opinion. No other reference to this contract is made in the answers.

[2] On consideration, the court concludes that this exhibit, in connection with the interrogatories, affords some ground of inference that the contract accompanied and went into the hands of plaintiffs at the time they purchased the notes. If so, notice was thus brought home to plaintiffs that the notes and contract were parts of one transaction, and they took the notes subject to all the conditions and terms thereof, and subject to all defenses the makers had against the payees.

[3, 4] It follows there was error in refusing evidence of failure of consideration, and giving the affirmative charge for plaintiffs. Appellants' application for rehearing granted, judgment of affirmance set aside, and the cause is reversed and remanded.

All the Justices concur.