POWELL & POWELL *v.* GREENLEAF & CURRIER.

May Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 18, 1932.

*Stanley C. Wilson* and *Guy M. Page* for the defendants.

*Max L. Powell* for the plaintiff.

SLACK, J. This suit is to recover the balance due on two instruments in writing dated, respectively, July 6, 1922, and June 7, 1923. The instruments are alike in all respects except the date, and are of the following tenor:

"$150.00                                    Newbury, Vt., (date)
For and in consideration of a contract and agreement entered into this day with us by Arthur A. Bishop & Co. of Boston, Mass., whereby we are entitled to the use of said company's system of collections we hereby, for value received, promise to pay to said Arthur A. Bishop & Co., or order, at their office in Boston, Mass., the sum of one hundred fifty dollars, in twelve equal monthly payments of $12.50 each, the first monthly payment to be made upon the signing of this contract note, and the remaining eleven payments of $12.50 each to be made upon the same date of each succeeding month; provided, however, that upon the default on any one payment, the whole amount remaining then unpaid shall at once become due and payable, and we hereby acknowledge the receipt of a true copy of this entire agreement.

Signature of agent ⎫
  and witness     ⎬      Client's signature
  C. J. White     ⎭      Greenleaf & Currier."

The single question is whether these instruments are negotiable, so that plaintiffs can maintain this suit in their own names. An instrument to be negotiable must contain, among other things, an unconditional promise or order to pay a sum certain in money. G. L. 2871. An unqualified order or promise to pay is unconditional within the meaning of the statute "though coupled with * * * a statement of the transaction which gives rise to the instrument." G. L. 2873.

Whether these instruments are negotiable must be determined from the language of the instruments themselves, unaided by an inspection of the extrinsic agreements to which they

refer. *Utah Lake Irr. Co.* v. *Allen,* 64 Utah, 511, 231 Pac. 818, 37 A. L. R. 651; *Paepcke* v. *Paine,* 253 Mich. 636, 641, 235 N. W. 871, 75 A. L. R. 1205; *Schmitter* v. *Simons,* 101 N. Y. 554, 559, 5 N. E. 452, 54 A. R. 737; *Waterbury-Wallace Co.* v. *Ivey,* 99 Misc. 260, 163 N. Y. S. 719; *Continental Guaranty · Corp.* v. *People's Bus Line,* 1 W. Harr (Del.) 595, 117 Atl. 275.

It is the general rule that wherever a bill of exchange or promissory note contains a reference to some extrinsic contract in such a way as to make it subject to the terms of that contract, as distinguished from a reference importing merely that the extrinsic agreement was the origin of the transaction, or constitutes the consideration of the bill or note, the negotiability of the paper is destroyed. *First National Bank in Salem* v. *Morgan,* 132 Or. 515, 284 Pac. 582, 3 R. C. L. p. 883, par. 69.

But it is equally well settled that the negotiability of a bill or note is not affected by a reference which is simply a recital of the consideration for which the paper was given, or a statement of the origin of the transaction, or by a statement that it is given in accordance with the terms of a contract of even date between the same parties. 3 R. C. L. 918, par. 112.

■ In short, to destroy negotiability the reference to a collateral contract must show that the obligation to pay is burdened with the conditions. of that contract.

Where the promise to pay is made "subject to" some other contract referred to, the authorities seem to be agreed that the obligation is conditional and negotiability is destroyed. *Klots, etc., Co.* v. *Manufacturers', etc., Co.* (C. C. A.), 179 Fed. 813, 30 L. R. A. (N. S.) 40, and note citing numerous cases; 8 C. J. 124, par. 216. Beyond this, the decisions are by no means harmonious.

Among the cases in which the reference to the extrinsic contract has been held to destroy the negotiability of the note are *Chicago, etc., Bank* v. *Chicago T. & T. Co.,* 190 Ill. 404, 60 N. E. 586, 83 A. S. R. 138; *Continental Bank & Trust Co.* v. *Times Pub. Co.,* 142 La. 209, 76 So. 612, L. R. A. 1918B, 632; *Finance Corp.* v. *Drug Co.,* 144 Md. 303, 124 Atl. 891, 33 A. L. R. 1162; *Central National Bank* v. *Hubbel,* 258 Mass. 124, 154 N. E. 551; *First National Bank, Statesville, N. C.* v. *Power Equipment Co.,* 211 Iowa, 153, 233 N. W. 103, and other cases collected in 14 A. L. R. p. 1126, note.

On the other hand, the words "as per terms of contract," following the words "value received" in a promissory note was held not to affect its negotiability in *National Bank of Newbury* v. *Wentworth*, 218 Mass. 30, 105 N. E. 626. To the same effect are *Strand Amusement Co.* v. *Fox*, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1121; *International Finance Co.* v. *Northwestern Drug Co.* (D. C.), 285 Fed. 920; *Tyler* v. *Whitney-Cent. Trust, etc., Bank*, 157 La. 249, 102 So. 325; and *Waterbury-Wallace Co., Inc.* v. *Ivey, supra.*

Negotiability is not destroyed by a statement that the note is part of a contract of a certain date, *Utah Lake Irr. Co.* v. *Allen, supra;* or by statement that note is "for payment under contract of even date," *Slaughter* v. *Bisbee Bank*, 17 Ariz. 484, 154 Pac. 1040; or by statement "in one machinery, as per contract" after the words "For value received," *First National Bank of Richmond* v. *Badham*, 86 S. C. 170, 68 S. E. 536, 544, 138 A. S. R. 1043; or by statement that note is one of a series "given in payment of land described in a contract this day executed," *Coleman* v. *Valentin*, 39 S. D. 323, 164 N. W. 67, 68; or by statement "this note is given in accordance with a land contract of even date between B. and C.," *Doyle* v. *Considine*, 195 Ill. App. 311. In *First National Bank of Hutchinson* v. *Lightner*, 74 Kan. 736, 88 Pac. 59, 60, 8 L. R. A. (N. S.) 231, 118 A. S. R. 353, 11 Ann. Cas. 596, an instrument of the following tenor, "Pay to the order of the First National Bank of Hutchinson, Kansas, $1500, on account of contract between you and Snyder Planing-mill Company," was held to be a negotiable bill of exchange, payable absolutely on demand. In *Markey* v. *Corey*, 108 Mich. 184, 66 N. W. 493, 494, 36 L. R. A. 117, 62 A. S. R. 698, it was held that the words, "This note is given in accordance with the terms of a certain contract under the same date, and between the same parties," which appeared on the face of a note, did not affect its negotiability. Other cases of similar import are to be found in Uniform Laws Annotated, Vol. 5, p. 52, and in 14 A. L. R. p. 1129, note.

The instruments before us contain two references to the extrinsic agreements: (1) "For and in consideration of a contract and agreement entered into this day with us by Arthur A. Bishop & Co., of Boston, Mass., whereby we are entitled to the use of said company's system of collections and we hereby, for

value received,'' etc., and (2) ''we hereby acknowledge the receipt of a true copy of this entire agreement.''

It is not apparent how the negotiability of these instruments is affected by either of these references. The promise to pay is not ''subject to'' the extrinsic agreement, or ''according to'' such agreement, or subject to any contingency, but is absolute and unconditional.

The first reference is nothing more than a recital of the consideration, which does not affect the negotiability. 3 R. C. L. p. 883, par. 69, and page 918, par. 112. See, also, Daniel on Negotiable Instruments, Vol. I, (6th ed.) par. 351, where it is said: ''The negotiability of the instrument is not impaired by recitals or statements upon its face, which merely state the consideration upon which it is made, and impose no other liability upon any party thereto than that for the payment of the sum of money therein expressed, as that it was 'given in consideration of a certain patent right,' or 'as part payment for a piano-forte,' or for any other consideration.''

Nor is the negotiability of the instruments affected by the fact that it appears therefrom that they were given for or in consideration of service to be thereafter performed by the payee. *Siegal* v. *Chicago Trust & Savings Bank,* 131 Ill. 569, 23 N. E. 417, 7 L. R. A. 537, 19 A. S. R. 51, involved the negotiability of an instrument of the following tenor:

''$300.00                            Chicago, March 5, 1887.

On July 1, 1887, we promise to pay D. Dalziel, or order, the sum of three hundred dollars, for the privilege of one framed advertising sign, size ——— x ——— inches, one end of each of one hundred and fifty nine street-cars of the North Chicago City Railway Co., for a term of three months, from May 15, 1887.''

The Court said: ''It is a promise to pay a certain sum of money at a day certain, for a consideration thereafter to be rendered, and depends for its validity upon the implied promise of the payee to furnish the consideration at the time and in the manner stipulated. That is, it is a promise to pay a sum certain on a particular day, in consideration of the promise of the payee to do and perform his part. A promise is a valuable consideration for a promise. * * * * * * The mere fact that the consideration for which a note is given is recited in it, although it may

appear thereby that it was given for or in consideration of an executory contract or promise on the part of the payee, will not destroy its negotiability, unless it appears through the recital that it qualifies the promise to pay, and renders it conditional or uncertain, either as to the time of payment or the sum to be paid.'' And it was held that the instrument was negotiable.

In *State National Bank* v. *Cason,* 39 La. Ann. 865, 2 So. 881, 882, it is said: ''It cannot affect the negotiability of a note that its consideration is to be hereafter realized, or that from some contingency, it may never be enjoyed.''

Neither is the second reference such as to burden the instruments before us with the terms of the extrinsic agreements. It is a mere acknowledgment by the signers of the instruments of the receipt of a true copy of the entire agreement—nothing more. While it is notice, inferentially, that these instruments had their origin in some sort of an agreement between the makers and payee that is not fully embodied in the instruments themselves, since it does not make them ''subject to'' the terms of such agreements, or subject to any contingency whatever, it does not affect their negotiability, See cases cited above.

The defendant says that *the instruments* are bi-lateral contracts rather than promissory notes, and calls attention to certain provisions of the extrinsic agreements. It is enough to say concerning this that, since the instruments are not subject to such agreements, the terms thereof are immaterial.

■ The defendants claim that the instruments are not negotiable because they provide that the first payment is to be made upon the signing of the instruments; and it is argued that, under G. L. 2871, an instrument to be negotiable must be payable on demand or at a fixed or determinable future time. We think that the first payment is payable at a determinable future time within the meaning of the statute. It is payable *upon* the signing of the instrument. The signing of the instrument determines the time of payment, which is to be immediately thereafter.

It is urged that the instruments are not negotiable because the consideration for them was an executory contract or promise on the part of the payee. This claim is disposed of by what has already been said.

*Judgment reversed, and cause remanded.*